PEOPLE ex rel. SMITH v. BIGGART, Deputy Sheriff.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

HABEAS CORPUS—RESTRAINT.

A defendant confined within jail limits under an execution against the body in a civil action for debt is under no such restraint as authorizes a resort to the writ of habeas corpus.

Appeal from special term, Washington county.

Application by the people, on the relation of Sanford Smith, against Frank Biggart, as deputy sheriff, for an order for relator's discharge. From an order discharging the relator from the custody of the defendant as deputy sheriff or otherwise, and from further restraint and imprisonment under and by virtue of an execution issued out of the supreme court to the sheriff of Washington county, in the action wherein the Long Island Mutual Fire Insurance Corporation is plaintiff, and the said Sanford Smith is defendant, the sheriff appeals. The ground upon which the discharge was based, as appearing from the order, was that the facts alleged in the complaint in the action in which the judgment was rendered upon which the execution was issued did not authorize the arrest of the defendant therein, and that, therefore, the execution was void. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. M. Whitman, for appellant.
M. H. O'Brien, for respondent.

MERWIN, J. In the return of the appellant to the writ, it was specifically stated that the relator had given an undertaking entitling him to the jail limits, and that he was then on such limits. This was not denied by the relator in his traverse to the return, and we must assume it to be true. The same thing may be inferred from the petition itself of the relator. The order of discharge recited that the relator appeared before the judge in person and by attorney.

The appellant claims that, as the relator was on the jail limits, there was no such restraint as authorized a resort to the writ of

habeas corpus. It was so held in Re Lampert, 21 Hun, 154, decided by the general term in the First department. The same doctrine is laid down in Hurd, Hab. Corp. (2d Ed.) 201, citing Dodge's Case, 6 Mart. (La.) 569. We are not referred to any authority to the contrary. Following, as I think we should, the Lampert Case, the order should be reversed, and the proceeding dismissed. If the body execution was not proper, the defendant therein has a perfect remedy, by motion in the action, where all parties can be heard.

Order reversed, with $10 costs and disbursements, and proceeding dismissed. All concur; PUTNAM, J., in result.