THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH ALBERT, Respondent, v. JOSEPH POOL, City Magistrate, Appellant.

*Habeas corpus — the writ will not be issued where the applicant has been admitted to bail — in case of his surrender by his bail it may issue.*

A person, who has been arrested upon a criminal charge and has been admitted to bail, is not entitled to a writ of certiorari or of habeas corpus, under section 2015 of the Code of Civil Procedure, "for the purpose of inquiring into the cause of the imprisonment or restraint," as the imprisonment or restraint referred to in the section is an actual physical restraint by which the liberty of the individual is in some way restricted.

If the relator should be surrendered by his bail and thus be actually in custody, he would be entitled to have the cause of his detention reviewed by such a writ of habeas corpus or of certiorari.

APPEAL by the defendant, Joseph Pool, city magistrate, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of September, 1902, sustaining a writ of certiorari theretofore issued in behalf of the relator and directing that said relator be discharged from custody.

*Robert C. Taylor*, for the appellant.

*Henry Cooper*, for the respondent.

INGRAHAM, J.:

On the petition of the relator, stating that he was restrained in his liberty within the State of New York, on that an information was laid against him by one Mary Kavanaugh, on a charge of.

grand larceny, and that after an examination held before the appellant, the police magistrate, he was held to answer the charge, a writ of certiorari was granted requiring the magistrate to certify to the court the day and cause of the imprisonment of the relator, together with all testimony taken before him. The magistrate made a return to this writ, from which it appeared that the relator was brought before him in the Magistrate's Court in the city of New York, upon oath of one Mary Kavanaugh that the relator had committed the offense of grand larceny by withholding and appropriating to his own use the complainant's property, in violation of section 528, subdivision 1, of the Penal Code; that the said relator appeared before the city magistrate by counsel, and it appearing that there was probable cause to believe the prisoner guilty of the charge, the magistrate fixed the amount of bail to be given at the sum of $500, to answer at Special Sessions, as required by law, and he having given security in the said sum of $500 to answer said charge as aforesaid, the magistrate thereupon discharged the said relator. There was also annexed to the return the information and the bail bond given to the magistrate by the relator. Upon this petition and return, the court sustained the writ and ordered that the relator be discharged from custody. The district attorney appeals upon the ground that, the relator not being in custody, the court had no power to discharge him and the proceedings should have been dismissed.

There was no writ of habeas corpus granted, the writ of certiorari being based upon the allegation of the relator that he was restrained in his liberty. The provisions of the Code of Civil Procedure (§§ 2120–2148) do not apply, as by section 2148 it is provided that "this article is not applicable to a writ of certiorari brought to review a determination made in any criminal matter, except a criminal contempt of court." By section 2015 of the Code of Civil Procedure it is provided that "a person imprisoned or restrained in his liberty within the State for any cause, or upon any pretense, is entitled, except in one of the cases specified in the next section, to a writ of habeas corpus or a writ of certiorari, as prescribed in this article, for the purpose of inquiring into the cause of the imprisonment or restraint, and, in a case prescribed by law, of delivering him therefrom."

To entitle the relator, therefore, to a writ of certiorari to review a determination in a criminal proceeding, it must appear that he was imprisoned or restrained in his liberty. Upon this application, as there was no traverse to the return, the return must be taken as true, and it must be assumed that upon the examination before the magistrate the relator was admitted to bail and discharged from custody. By section 576 of the Code of Criminal Procedure it is provided that, upon the allowance of bail and the execution of the undertaking, the court or magistrate must make an order, signed by him, for the discharge of the defendant, to the effect that the person charged with the crime having given sufficient bail to answer the same, the person in whose custody he is is forthwith commanded to discharge him from custody. Such an order was given, and thereby the relator was actually discharged from custody. The relator, therefore, was not restrained in his liberty and was not entitled to either a writ of certiorari or a writ of habeas corpus, under the provisions of the Code of Civil Procedure to which attention has been called. The imprisonment or restraint in his liberty, within the meaning of this section, is an actual physical restraint by which the liberty of the individual is in some way interfered with. A person cannot be said to be restrained in his liberty when he can do what and go where he pleases. The mere fact that his bail has authority to surrender him to custody at any time is not a restraint of his liberty. That a person is liable to an arrest or imprisonment, in the absence of any actual restraint, does not authorize either a writ of habeas corpus or a writ of certiorari to determine whether or not he is subject to be imprisoned in the future. If the relator should be surrendered by his bail, and thus be actually in custody, he would be entitled to have the cause of his detention reviewed; but until there is an actual restraint of his liberty, he is not entitled to either of these writs specified in section 2015 of the Code of Civil Procedure; and this view has been uniformly adopted in this State when the question has come before the court.

In *Matter of Lampert* (21 Hun, 154) the General Term of this department held that a person who had given bail upon the limits was not in custody so as to entitle him to a writ of habeas corpus directed to his bail. Mr. Justice BARRETT, in delivering the opinion

of the court, said that the same " has been held as to persons discharged on bail generally.   They will not be considered as restrained of their liberty so as to be entitled to a writ of habeas corpus directed to their bail.   *   *   *   Whatever may be the special characteristic of the restraint, however effected or imposed, it must at least be substantial and real.   Mere moral restraint will not do. It should be of such a tangible nature that the court may properly say to the respondent, except in cases of sickness or infirmity, ' you can bring the body here if you choose.' "   This decision was followed in *People ex rel. Smith* v. *Biggart* (25 App. Div. 21), and such seems to have been the universal practice in the Supreme Court.   The same view was taken by the Supreme Court of the United States in *Wales* v. *Whitney* (114 U. S. 564), and no case is cited by counsel for the respondent which justifies the court in interfering in this proceeding, unless there is an actual physical restraint so that the respondent has such control over the relator that he can produce him before the court in answer to the command of the writ.

It follows that the order appealed from must be reversed and the proceeding dismissed.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Order reversed and proceeding dismissed.