(82 South. 735)

Ex parte ROGERS. (8 Div. 673.)

(Court of Appeals of Alabama. June 17, 1919. Rehearing Denied June 30, 1919.)

BAIL ⊜⇒44—INDETERMINATE SENTENCE.

A prisoner sentenced under Indeterminate Sentence Law (Acts 1919, p. 148) for term of not less than one nor more than ten years is not entitled to bail pending appeal under Acts 1911, p. 626, authorizing release on bail where defendant is sentenced for a period of five years or less, since maximum, and not minimum, sentence governs in determining right to bail in such cases.

Original mandamus proceedings by Claude Rogers against Robert C. Brickell, Circuit Judge. Petition dismissed.

Sample & Kilpatrick, of Cullman, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for appellee.

BROWN, P. J. This is an original application to this court for the writ of mandamus to compel the respondent, Hon. Robert C. Brickell, one of the judges of the Eight judicial circuit, sitting in the circuit court of Morgan county, to allow the petitioner bail pending his appeal to this court under the provisions of the act approved April 22, 1911 (Acts 1911, p. 626). That act provides:

"That in all felony cases where the defendant is sentenced to the penitentiary for a period of five years or less and an appeal is taken, pending such appeal the defendant shall be entitled to bail in such sum as may be prescribed by the court as sufficient surety conditioned upon his appearance at the next term of court in which the conviction was had, and from time to time," etc. Acts 1911, p. 626.

The petitioner alleges that he was convicted of a felony, and an indeterminate sentence was pronounced against him for a term of not less than one, nor more than ten years, under the provisions of the act of February 18, 1919 (Pam. Acts 1919, p. 148). The right of the defendant to have this writ of mandamus issued is founded on his assertion that he has been convicted of a felony; that the sentence pronounced against him is for a term of five years or less, and that he has appealed from the judgment of conviction. Therefore the questions as to whether the indeterminate sentence law is applicable to crimes committed before its passage, and whether the sentence pronounced against the defendant is within the law, are not presented at this time.

The petitioner's contention here is that the minimum and not the maximum term governs in determining his right to bail pending his appeal.

The provisions of the indeterminate sentence law pertinent to the settlement of this question are found in sections 4, 5, 6, and 7. While certain provisions are made in the law for the parole of the convict after the expiration of the minimum term, there is left no room for doubt that the convict is in the legal custody of the warden of the penitentiary, though under parole, until the expiration of the maximum sentence. We entertain no doubt that the maximum sentence must govern in determining the right to bail in such cases. Oliver v. Oliver, 169 Mass. 595, 48 N. E. 843; Ex parte Melosevich, 36 Nev. 67, 133 Pac. 57.

The demurrers to the petition are therefore sustained, and the petition dismissed.

Petition dismissed.