### LIVERY v. STATE.   (6 Div. 203.)

(Court of Appeals of Alabama.   May 8, 1923.)

Bail ⟨Key⟩44—When maximum under indeterminate sentence is for more than 5 years, bail denied.

Acts 1911, p. 626, provides that in felony cases, where defendant is sentenced for five years or less, pending appeal he shall be entitled to bail; where, under the indeterminate sentence statute (Acts 1919, p. 148) a maximum sentence is fixed at more than five years, defendant is not entitled to bail pending appeal, the maximum sentence governing in such cases.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Mike alias Mecal Livery was convicted of grand larceny, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. From a judgment and sentence of three to seven years on conviction for grand larceny, defendant appeals. It appears from the record that the appellant was charged with breaking into and entering a store, shop, or warehouse of the Tennessee Coal, Iron & Railroad Company, and feloniously took and carried away therefrom large quantities of merchandise amounting in value to several hundred dollars.

The appeal is upon the record proper, there being no bill of exceptions, and the time for filing same appears to have expired. The record is free from error, and, so far as the judgment of conviction and sentence of this defendant is concerned, an affirmance thereof is hereby ordered.

There is a matter of importance, however, apparent upon the record, to which we feel that the attention of the trial court should be directed. This relates to the order of the court in allowing bail to this appellant on appeal, notwithstanding the sentence against him was fixed at three years as a minimum and seven years as a maximum punishment.

The statute provides:

"That in all felony cases where the defendant is sentenced to the penitentiary for a period of five years or less and an appeal is taken, pending such appeal the defendant shall be entitled to bail in such sum as may be prescribed by the court as sufficient surety conditioned for his appearance at the next term of the court in which the conviction was had, and from time to time," etc. Acts 1911, p. 626.

And if, under the indeterminate sentence statute (Acts 1919, p. 148) the maximum term of imprisonment is fixed by the court at more than five years, the defendant is not entitled to bail pending his appeal, for the maximum sentence must govern in determining

the right to bail in such cases. In Oliver's Case, 169 Mass. 592, 48 N. E. 843, the Supreme Court of that state makes use of this expression: "He is certainly under sentence during the whole of the maximum term." And in Melosevich's Case, 36 Nev. 67, 73, 133 Pac. 57, it is held that a prisoner does not have an absolute right of discharge after serving a minimum sentence. Such right exists only when he has served the maximum term. See, also, Ex parte Rogers, 17 Ala. App. 172, 82 South. 785, where this court has expressly decided this question in line with what has been here said.

Affirmed.