THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS LUTFEY, Petitioner, v. EDWARD J. BYRNE, a Justice of the Supreme Court of the State of New York, Respondent.— Writ of certiorari dismissed.    The writ is directed to a justice of the Supreme Court.    The relator was committed pursuant to section 1628 of the Penal Law; it appeared to the respondent that the relator had committed the crime of perjury in an action tried before him.    Such commitment is the same as a commitment by a city magistrate after a hearing, holding the accused to answer in another court.    The hearing here was the trial in which the relator testified.    A writ in a case like this can only be issued under article 77 of the Civil Practice Act. The provisions of article 78 do not apply.    It must appear that the relator was actually imprisoned or restrained of his liberty within the meaning of section 1230 of the Civil Practice Act.    This relator is on bail and a writ will not lie.    (*People ex rel. Albert v. Pool*, 77 App. Div. 148.)    The writs under article 77 must not be confused with the former writ of certiorari to review, now replaced by the order of certiorari under article 78.    Section 1312 of the Civil Practice Act provides that article 78 is not applicable to a certiorari brought to review a determination made in a criminal matter except a criminal contempt of court.    Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

JACQUELINE CAPUTO, Appellant, v. GEORGE A. THOMPSON and Another, Respondents.— In an action brought in the City Court of White Plains to recover damages for personal injuries sustained when plaintiff, a tenant, fell from the ice-covered porch of the apartment house owned and controlled by defendants, order setting aside verdict rendered in plaintiff's favor unanimously affirmed, with costs. No opinion.    Present — Young, Hagarty, Davis, Johnston and Adel, JJ.

ORA DACK, Appellant, v. TRUSTEES OF THE PEEKSKILL MILITARY ACADEMY, Respondent.— Order of the County Court of Westchester county setting aside the jury's verdict in favor of the plaintiff and directing the dismissal of the complaint, and the judgment entered thereon, in an action to recover damages for personal injuries sustained by the plaintiff by falling on an accumulation of ice while traversing a walk on the defendant's grounds for the purpose of delivering provisions to the defendant, reversed on the law, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs.    On the proof, the jury was justified in finding that the defendant allowed water to accumulate in a depression in the walk as the result of an overflow from a defective leader on an adjacent building, which water froze and, at the time of the accident, was covered with a light fall of snow.    (*Kruger v. Huguenot Trust Co.*, 246 App. Div. 761; *Klepper v. Seymour House Corp.*, 246 N. Y. 85; *Tremblay v. Harmony Mills*, 171 id. 598; *Powers v. Village of Moravia*, 123 App. Div. 191; *Kopper v. City of Yonkers*, 110 id. 747.) The obligation of the owner of a private way to one lawfully using it is the same as that owed to one using a public highway.    (45 C. J. pp. 857, 858.)    (See, also, *Danforth v. Durell*, 8 Allen [Mass.], 242.)    On the theory of the case the trial court was justified in refusing the defendant's requests to charge.    Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.