14 So.2d 590

**STATE ex rel. RUSSELL, Director,**
**v. JONES, Judge.**

3 Div. 857.

Court of Appeals of Alabama.

June 1, 1943.

Rehearing Denied June 15, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for petitioner.

Wm. C. Rayburn, of Guntersville, for respondent.

PER CURIAM.

Original petition for writ of mandamus to require the Honorable Walter B. Jones, as Judge of the 15th Judicial Circuit, to vacate an order granting bail to a convict, one Charley Summers, pending said convict's appeal to this court in a proceeding of habeas corpus.

No other remedy is available to the State to effect the reincarceration of said convict pending the outcome of the habeas corpus appeal, so mandamus is proper to coerce the performance of the official act sought if the lower court was without jurisdiction to grant such bail. 38 C.J., Sec. 161, p. 645; Sec. 167, p. 647. Use of the writ at common law has been to confine such court to a lawful exercise of its prescribed jurisdiction as well as to compel it to exercise its authority when it is its duty to do so. Roche v. Evaporated Milk Ass'n, 63 S.Ct. 938, 941 (6, 7), 87 L.Ed. —, decided May 3, 1943. It has been used when seeking to compel the allowance of

bail pending appeal (38 C.J. Sec. 163, p. 646; Ex parte Rogers, 17 Ala.App. 172, 82 So. 785; State ex rel. Reynolds v. Weaver, 167 Ala. 672, 52 So. 638; Ex parte Byrd, 172 Ala. 179, 55 So. 203), and, conversely, of course it is equally appropriate to compel official action in vacating an order granting bail when such an order was without legal warrant.

The demurrer taking the point that mandamus is not the proper remedy is therefore untenable.

The facts are: Charley Summers, a convict serving a term of imprisonment in the penitentiary for grand larceny, petitioned the said judge for a writ of habeas corpus, contending that he had served his full sentence. Upon hearing of the petition, relief was denied and Summers was remanded to the custody of the prison authorities. He then gave notice of appeal to this court in accordance with Section 369, Title 15, Code 1940, which was accordingly granted and the order of remandment suspended pending appeal.

The said circuit judge allowed him bail pending the outcome of his appeal, believing that he was so entitled under said Section 369. It is this action which the instant proceeding challenges.

As observed in brief by the able Assistant Attorney General: "The only question raised in this (mandamus) proceeding is the right of a prisoner serving a term in the State penitentiary to be admitted to bail pending appeal from a habeas corpus proceeding in which the writ of habeas corpus was denied."

Decision turns upon a proper construction of said Section 369, the pertinent part of which is: "Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or the court of appeals; and when, on habeas corpus, any person held in custody under a charge or conviction for crime or for extradition as a fugitive from justice from any other state, is discharged from said custody; or when any person held in custody under an indictment by the grand jury charging him with a capital offense is admitted to bail, the solicitor or other prosecuting officer or attorney may take an appeal on behalf of the state to the supreme court or court of appeals, and in all such cases the judgment must be suspended pending the appeal; *and the party may give*

bail with sufficient sureties conditioned that he will appear before such court or officer as may be prescribed by the judge, and abide the judgment rendered", etc.

As we construe it, there is no authority under this section to grant a petitioner bail pending his appeal when relief was denied him and he has been remanded to custody.

■ The statute, very clearly we think, only allows bail to a petitioner in the specified cases when he has won a favorable decision and the State has appealed from such decision. There is no authority here for admission to bail pending appeal when the judgment in habeas corpus is adverse to a petitioner therein. The rationale of the principle is stated in 29 C.J., Sec. 218, p. 190: "Where the habeas corpus proceedings were dismissed and the prisoner remanded, the court will not admit to bail pending an appeal and *thereby grant indirectly the very relief which was previously denied him.*" (Emphasis supplied)

The soundness of this construction in the case at bar is quite manifest. To hold otherwise and to rule that on appeal from an order denying the writ of habeas corpus a petitioning convict might gain his liberty under bail pending the disposition of his appeal could, and perhaps would, result in temporarily opening the penitentiary doors. This for the reason that the same remedy would, under such a theory, be available to all convicts no matter what their crimes. And it is not difficult to divine that all would avail themselves of this opportunity of a temporary surcease from imprisonment.

■ It is our opinion, therefore, that the learned circuit Judge erroneously allowed said convict bail pending his appeal in the habeas corpus proceeding. It results that the order below allowing said bail should be vacated and expunged from the record and the said Charley Summers should be ordered rearrested and remanded to the custody of the proper prison authorities.

Therefore, let a writ of mandamus be issued to carry out the dictates hereof, and requiring the said circuit judge to vacate his said order granting bail to said convict and directing the rendition of such orders and the issuance of such writs by him as may be necessary or required to effect the reincarceration of said convict.

Writ granted.