41 So.2d 274

### Ex parte TINGLEY.
### 6 Div. 802.

Court of Appeals of Alabama.

March 22, 1949.

Rehearing Denied March 29, 1949.

H. L. Anderton, of Birmingham, for petitioner.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for respondent.

CARR, Judge.

On original petition for writ of mandamus addressed to this court, we certified the following to the Supreme Court:

Harold Tingley was arrested under the authority of a governor's warrant issued on a requisition of the Governor of the State of California.

"The accused sued out a writ of habeas corpus in which he sought his discharge. Title 15, Section 57, Code 1940. The writ was denied by the Honorable Robert J. Wheeler, Judge of the Circuit Court of Jefferson County, Alabama. Pending appeal to this court the judge refused to allow petitioner bail.

"An original petition for writ of mandamus was addressed to this court, in which it is prayed that we direct Judge Wheeler to vacate this order and to enter an order allowing petitioner to make a reasonable. appearance bond.

"The judges of this court are unable to reach an unanimous decision on the matter

of whether or not the petitioner is entitled to bail pending the appeal to this court on the denial of his writ of habeas corpus.

"Under the authority of Title 13, Section 88, Code 1940, we certify the following abstract proposition:

"Under the proceedings herein stated, should the petitioner be allowed the privilege of making a reasonable appearance bond pending his appeal to this court?

"As aid in determining this inquiry the record is herewith submitted."

The Supreme Court responded as follows:

"As we understand the above communication, the question for our determination is whether the Court of Appeals should issue a peremptory writ of mandamus commanding Judge Wheeler to admit Tingley to bail.

"We are of the opinion that the question should be answered in the negative. In State ex rel. Russell v. Jones, 31 Ala.App. 208, 14 So.2d 590, certiorari denied, 244 Ala. 608, 14 So.2d 592, it was held in effect that a circuit judge erred in granting bail to a petitioner in a habeas corpus proceeding pending his appeal from a judgment denying his discharge and remanding him to custody. This, for the reason that there is no statutory authority for admission to bail pending appeal when the judgment in habeas corpus is adverse to a petitioner therein.—Section 369, Title 15, Code 1940. This lack of authority or power is present in a situation such as is outlined in the communication from the Court of Appeals.

"Mandamus will not be granted to command an inferior tribunal to do that which it could not legally do without such mandate.—State ex rel. Heirs of Walker v. The Judge of the Orphans' Court, 15 Ala. 740; Ex parte Campbell et al., 130 Ala. 196, 30 So. 521."

It follows that the writ of mandamus is denied.

Writ denied.