Clare J. Hoyt, J.
On the return of this writ of habeas corpus the court was informed that the relators were not in physical custody but rather that they were at large having posted a bail bond. The court requested counsel for the relators to supply it with some authority for entertaining a writ when the relators are not ‘illegally imprisoned or otherwise restrained in [their] liberty” (CPLR 7002, subd. [a]). By letter to the court, counsel for the relators has advised that he has been unable to find any authority sustaining Ms position. However, he argues that with the increasing concern of the courts for individual *580 freedom, adopting his position is but a reasonable extension of the law. If such an extension is to be authorized, it is the function of the Legislature to do so. There is no indication in the legislative history of CPLB 7002 that such an extension was contemplated. (See People v. Huntley, 15 N Y 2d 72, 76.) Indeed, one early case has rejected the construction of the phrase “ restrained in his liberty ” that the relators contend for (People ex rel. Albert v. Pool, 77 App. Div. 148). And, we do not read People ex rel. Zangrillo v. Doherty (40 Misc 2d 505) as requiring a different result because it deals with relators already sentenced but released on parole.
The writ is dismissed.