289 So.2d 666

William Lewis **BALASCO, III**

v.

**STATE.**

**1 Div. 448.**

Court of Criminal Appeals of Alabama.

Jan. 29, 1974.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen. and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from a judgment denying appellant's prayer for "discharge . . . from further restraints and charges," contained in appellant's petition for writ of habeas corpus.

Appellant-petitioner, pro se, filed the ten-paragraph petition on August 17, 1973, to which the State filed an answer on August 22. On September 5, a hearing on the petition and answer was conducted, the court rendered judgment and petitioner gave notice of appeal. Petitioner was represented at the hearing by court-appointed counsel, the same counsel who had previously represented him on hearings in connection with his efforts to obtain a release from his arrest on March 19, 1973, on a fugitive warrant growing out of an alleged crime allegedly occurring in Mississippi and his release from his status of arrest under a subsequent rendition warrant as to the same alleged crime issued by the Governor of Alabama pursuant to the requisition of the Governor of Mississippi. The court appointed different counsel to represent him on this appeal, it appearing that appellant was not satisfied with the services of his pervious counsel.

In the petition for writ of habeas corpus, appellant-petitioner charged that he was being restrained in violation of his rights under the Constitution of the United States, in that he was denied his "sixth amendment right and his fourteenth amendment right to fundamental fairness and due process of law." U.S.Const. Amend. VI and Amend. XIV, § 1. Relying upon the same provisions of the United States Constitution, as well as Article 1, § 6 of the Constitution of Alabama of 1901, appellant here asserts that the trial court erred in refusing to grant the petition for writ of habeas corpus "when it was shown that the State of Mississippi delayed eleven months in his [petitioner's] arrest and he [petitioner] was making no attempt to avoid process of law."

The requisition from the Governor of Mississippi, which was introduced in evidence on the hearing of the habeas corpus petition was accompanied by a certified copy of an indictment charging appellant with the sale of heroin, which indictment was returned on March 15, 1973.

■ It seems that in the petition, in the evidence and in the record as a whole, as well as in petitioner's brief, the charge of illegal and unconstitutional detention of appellant is based primarily upon the claim that the time intervening between the commission of the alleged crime and the arrest of appellant was so great under all the circumstances that his constitutional rights were impaired. Appellant cites and relies upon Klopfer v. North Carolina, 1967, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 1; Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; Foster v. State, 45 Ala. App. 323, 229 So.2d 913; and Sellers v. State, 48 Ala.App. 178, 263 So.2d 156. All expressions and conclusions as to a delay that would impair the right of an accused to a speedy trial found in the opinions in those cases are referable to delay between institution of prosecution and time of trial, to the exclusion of any delay between the time of the crime and the time of the arrest or the initiation of a prosecution,

which is the delay primarily complained of in this case. As to such delay, we are restrained from agreeing with appellant by the majority opinion in United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, wherein it was stated:

" . . . In our view, however, the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' an event that occurred in this case only when the appellees were indicted on April 21, 1970."

and

"Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend the reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case.

"The law has provided other mechanisms to guard against possible as distinguished from actual prejudice resulting from the passage of time between crime and arrest or charge . . . ."

It is to be noted that the minority opinion in Marion; relying to some extent upon Dickey v. Florida, 1970, 398 U.S. 30, 90 S. Ct. 1564, 26 L.Ed.2d 26, well discussed by Judge Tyson in Prince v. State, 50 Ala. App. 368, 279 So.2d 539, cert. denied, 291 Ala. 796, 279 So.2d 549, is to the effect that inordinate and inexcusable delay in the institution of a prosecution can constitute a violation of the speedy trial right, but even if we were controlled by the minority opinion in Marion, supra, which concurred in the result of the majority opinion, we would hold that there was no infringement upon appellant's right to a speedy trial resulting from the intervention of six months between the alleged crime and the arrest and the approximately concomitant indictment of appellant. In the minority opinion in Marion, supra, it was made clear that the three-year delay, or the more than two-year unnecessary delay, in the finding of an indictment would not have constituted an impairment of defendants' rights in the premises unless "appellees could demonstrate actual prejudice,". In this case there is no claim that the intervention of six months between the alleged crime and the return of an indictment was unreasonable or unnecessary, and there is neither contention nor showing that appellant is less able to defend the case than he would have been if he had been indicted sooner.

■ A nebulous and tangential claim was made in the petition for writ of habeas corpus, and by the testimony of appellant on the hearing thereof, that his court-appointed counsel did not adequately represent him. It was averred in the petition, inter alia, that such counsel "was assuming a 'pre-functionary or token' position and had not acted in any way instrumental to petitioners [sic] defense . . . . did not know Petitioners [sic] whereabouts or the nature of his defense. And only served as counsel of record as required by law . . . . that he has not acted in any way instrumental in the protection of the Petitioners [sic] constitutional rights. . . . That the State of Alabama" through said attorney is "denying Petitioner a valid defense and failing to protect the rights of Petitioner." Such contentions in the petition were not supported by evidence, although petitioner made a similar contention at the hearing, after he had

testified and had been questioned by his counsel as well as cross-examined by State's attorney that he hadn't been properly represented and had never been given any legal advice, as shown by the following colloquy:

Petitioner's Attorney: "Your Honor, he isn't satisfied with my services, and I would rather not represent the man."

The Court: "No, sir. He seems that he has been satisfied with your services all morning long. He hasn't exhibited the attitude of not respecting your judgment, or your method of handling the case, except your statement. So, I see no reason to do that."

Petitioner: "Your Honor, it was so stated in my writ, that I hadn't been properly represented; because, I was never at any time given any legal advice from Mr. . . ." [Petitioner's Attorney]

It may well be that the trial court should have relieved petitioner's previously appointed counsel and appointed new counsel for him on the hearing of his habeas corpus petition, but we do not find that there was any such contention then made or that any such contention is here made. Moreover, we fail to find in the record any basis for a belief that any attorney could or should have so represented appellant as to have enabled him to obtain his discharge.

■ The record does not clearly show the need for all of the intervals of time between the various stages of proceedings between appellant's arrest and the hearing on his habeas corpus petition, but there is no contention or evidence that the proceedings were prolonged by reason of any fault on the part of the State of Alabama or the State of Mississippi and not as the result of the action and desire of petitioner himself. Prior to the institution of the habeas corpus proceeding, petitioner was constantly attempting either to obtain his release or to prevent his extradition to Mississippi, or

both. There is nothing to indicate that he desired a speedy trial.

■ Included in the petition for habeas corpus is the statement, "Petitioner is being restrained of his liberty by being placed under excessive bail set by the Mobile County Court." There was testimony on the hearing of the petition that when petitioner was arrested his bond was fixed at $2,500, that at one time there was an understanding on his part that he was not entitled to bail, that when he subsequently appeared before the General Sessions Court the matter of the bond "wasn't even brought up." Petitioner testified that afterwards he was brought before the Circuit Court, after the extradition warrant had been issued, and his bond was fixed at $10,000, which he was "not financially able" to make. His mother testified that she was unable to make a bond of $10,000. Upon the conclusion of the hearing of the petition and the announcement of the ruling of the court, petitioner gave notice that he would appeal, and the court ordered "that the appeal bond be and the same is hereby fixed at $10,000.00." In this connection it is to be noted that it was held in Ex parte Tingley, 252 Ala. 59, 41 So.2d 273, that Title 15, § 369, Code of Alabama 1940, governing appeals from judgments in habeas corpus proceedings, does not provide for bail when the judgment is adverse to petitioner and that, in the absence of statutory authority, petitioner is not entitled to bail pending his appeal from a judgment denying his discharge and remanding him to custody.

In Title 15, §§ 62, 63, Code of Alabama 1940, is a requirement, subject to an exception not applicable here, that an accused be admitted to bail on a fugitive warrant, to await the execution of a rendition warrant of the Governor of Alabama, but there is no statutory authority for bail after an arrest on the latter warrant. The general rule is that an accused being held on a warrant of rendition is not entitled to bail. 35 C.J.S. Extradition § 19 p. 445.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Hon. LEIGH M. CLARK, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.