OPINION OF THE COURT
Mario M. Albanese, J.
This proceeding involves petition under CPLR article 70 for a writ of certiorari and habeas corpus brought by the petitioner, who because of a warrant of arrest issued by the Governor of New York upon a demand of the Governor of Wisconsin charging the petitioner with being a fugitive from justice of that State, seeks a writ to test the legality of his extradition.
Pursuant to the Governor’s said warrant of arrest, the petitioner appeared before the court on April 1, 1983, together with his attorney at which time, the District Attorney, representing the Sheriff of the County of Fulton, presented to the court the extradition papers herein. Petitioner was then arraigned and advised by the court of his rights pursuant to CPL 570.24 whereupon a hearing was scheduled for April 12, 1983, to afford petitioner an opportunity to obtain a writ of habeas corpus. Meanwhile, at the *83 request of petitioner and consent of the District Attorney, bail previously set on February 9, 1983, was continued.
The petition for a writ which is the subject matter of this decision, was presented to the court on Wednesday. April 6, 1983.
DECISION
Petitioner’s application must be denied.
From a reading of CPLR 7003* and the cases thereunder, it is clear that the right to a writ exists only when the relator is actually restrained. A person at liberty on bail is not so restrained of his liberty as to be entitled to a writ (People ex rel. Lutfey v Byrne, 247 App Div 797; People ex rel. Albert v Pool, 77 App Div 148; People ex rel. Smith v Biggart, 25 App Div 20). In the present case, the petitioner being at liberty on bail and not restrained, is not entitled to the relief sought. “Habeas corpus, whether viewed in its historical origin or in its modern application, is the efficient remedy for enforcing the right of personal liberty * * * designed to give relief to persons who are illegally detained or held in custody” (People ex rel. Posner v Vollmer, 2 Misc 2d 575, 577). Even if bail were now withdrawn and petitioner voluntarily confined himself, as was suggested by counsel for Bayless, the desired writ must nevertheless be refused him. A person at large on bail does not become entitled to a writ of habeas corpus by voluntarily surrendering himself into custody, the writ being intended to relieve illegal restraint against the will of the petitioner.
In effect, a writ of habeas corpus challenges and puts in issue the legality of the extradition proceedings the ultimate purpose being not only the enforcement of the relator’s right to freedom but to also defeat his deliverance to the authorities of the demanding State.
*84 The rule that actual or physical restraint is required before a writ of habeas corpus may issue and that a person at large on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus is applicable not only to original petitions for such a writ, but also to appeals from denial of the relief sought. The usual reasons given for the rule are that a person at large on bail already enjoys the liberty he seeks by the writ of habeas corpus, and that it is futile to direct the Sheriff or other jailer to produce in court or release a prisoner he does not hold in custody and who may be beyond the court’s jurisdiction (People ex rel. Smith v Biggart, supra; Matter of Lampert, 21 Hun 154; Hurd, Habeas Corpus [2d ed], p 201, citing Matter of Dodge, 6 Mart L Rep 569 [La]).
The difficulties the petitioner now finds himself in are brought about by the fact that his bail was continued after the issuance of the Governor’s warrant. In retrospect, this may be error. While CPL article 570 is silent on the matter of bail when one is arrested on the Governor’s warrant, inferentially at least, it appears that such a person is to be held without bail.
Counsel for petitioner insists that his client is entitled to both bail and a writ by virtue of CPL 570.38 and 570.24, respectively. The court thinks not. The first portion of CPL 570.38 deals with bail when one is arrested as a fugitive prior to the issuance of the Governor’s warrant for extradition; the latter portion deals with the condition for such bail the pertinent language of which states: “conditioned for his appearance before him at a time specified in such bond or undertaking * * * and for his surrender, to be arrested upon the warrant of the governor of this state.” (Italics ours.) This verbiage infers, or implies, that the fugitive is to be held without bail once arrested on the Governor’s warrant. Moreover, it would be inconsistent, if not inane, to grant one the right to bail and to at the same time grant one a writ both of which releases one to liberty. A rational interpretation of CPLR 7003 addresses itself to the release of the petitioner and, in the language of this same statute, if the petitioner is not illegally detained, the petition shall be denied; accordingly, petitioner not meet *85 ing the conditions of the controlling statute (CPLR 7003), his right to a writ must be denied notwithstanding CPL 570.24
It is the considered opinion of this court that holding one without bail is both logical and necessary to the furtherance of the purpose of extradition and that it does not violate one’s constitutional right to deny one of bail once arrested on the Governor’s warrant (.People ex rel. McGill v Wright, 62 Mise 2d 154).
Petitioner complains that to deny his application prejudices his right to test the legality of his extradition and/or to put in issue, in writing, all that he chooses to challenge or raise. In the ordinary case — that is to say, if the petitioner was not free on bail — his complaint would be meritorious; however, under the fact pattern of this case, it is not. First, the reality is that the petitioner gained his freedom at his own request and ought not now be heard to lament that fact because it resulted in the denial of the application for a writ. To allay his fear and to guarantee petitioner the entire gamut of his rights, this court has informed petitioner that despite the denial of this application, it will treat the petition and the supporting papers thereunder as petitioner’s responsive pleading to test the legality of the extradition no less than if granted a writ. Put another way, the court will grant the petitioner wide latitude in traversing the demand for his extradition despite the denial of a writ or order to show cause.
Patently, this gives the petitioner the best of both worlds in that he has gained his liberty while at the same time, afforded an unfettered opportunity to fully test the legality of his arrest and attempted extradition. Though this procedure may be somewhat unusual, it nevertheless assures the petitioner his rights.

 “When the writ shall be issued, (a) Generally. The court to whom the petition is made shall issue the writ without delay on any day, or, where the petitioner does not demand production of the person detained or it is clear that there is no disputable issue of fact, order the respondent to show cause why the person detained should not be released. If it appears from the petition or the documents annexed thereto that the person is not illegally detained or that a court or judge of the United States has exclusive jurisdiction to order him released, the petition shall be denied.’’