[1] Apparently, J.M.W. was 17 years old when he allegedly committed the offenses underlying the petition; therefore, his anonymity is being protected pursuant to Rule 52, Ala. R.App.P. *Page 556 
The Attorney General for the State of Alabama filed this petition for a writ of mandamus directing Judge William W. Haralson to vacate his order allowing J.M.W. to be released pending the outcome of his habeas corpus proceeding attacking his extradition to the State of Virginia.
On June 30, 2005, the Governor of Virginia issued a fugitive warrant demanding the extradition of J.M.W. so that he could face charges in Fairfax County, Virginia, for involuntary manslaughter and distributing controlled drugs. On July 20, 2005, Alabama Governor Bob Riley issued a rendition warrant.[2] On August 4, 2005, J.M.W. was arrested in Jackson County. On August 5, 2005, J.M.W. filed a petition for a writ of habeas corpus attacking his extradition. Judge Haralson held a hearing on the issue of bail pending the extradition proceedings. At the hearing, the State argued that based on the case of Balasco v. State, 52 Ala.App. 99, 289 So.2d 666
(1974), J.M.W. was not entitled to bail because he was being held on a rendition warrant. Judge Haralson granted J.M.W.'s request for bail.[3] The State then filed this petition for a writ of mandamus. The hearing on J.M.W.'s habeas corpus petition challenging the validity of J.M.W.'s extradition is scheduled for November 2, 2005.
The State asserts that this case is properly before this Court by way of mandamus petition. It cites State ex rel.Russell v. Jones, 31 Ala.App. 208, 14 So.2d 590 (1943), in support of its contention. In Russell, the Court of Appeals stated:
 "No other remedy is available to the State to effect the reincarceration of said convict pending the outcome of the habeas corpus appeal, so mandamus is proper to coerce the performance of the official act sought if the lower court was without jurisdiction to grant such bail. 38 C.J., Sec. 161, p. 645; Sec. 167, p. 647. Use of the writ at common law has been to confine such court to a lawful exercise of its prescribed jurisdiction as well as to compel it to exercise its authority when it is its duty to do so. . . . It has been used when seeking to compel the allowance of bail pending appeal (38 C.J. Sec. 163, p. 646; Ex parte Rogers, 17 Ala.App. 172, 82 So. 785, *Page 558 
[(1919)]; State ex rel. Reynolds v. Weaver, 167 Ala. 672, 52 So. 638 [ (1910) ]; Ex parte Byrd, 172 Ala. 179, 55 So. 203
[(1911)]), and, conversely, of course it is equally appropriate to compel official action in vacating an order granting bail when such an order was without legal warrant."
31 Ala.App. at 209, 14 So.2d at 591 (emphasis added). Because the State is challenging the circuit court's authority to grant bail in this case, precedent supports review of this issue by way of a petition for the writ of mandamus. However, according to Rule 21(a)(3), Ala.R.Crim.P., a mandamus petition must be filed within a presumptively reasonable time, i.e., within the time for filing a notice of appeal.[4] Here, Judge Haralson granted bail on August 8, 2005. This mandamus petition was filed on August 31, 2005 — 23 days after the ruling that is the subject of this mandamus petition.
The State argues that the time period that should be used as a presumptively reasonable time in this situation is the time within which the State must appeal an order granting a petition for a writ of habeas corpus. See § 12-22-90, Ala. Code 1975. The State has 42 days to appeal a ruling granting a habeas corpus petition. Rule 4, Ala.R.App.P. J.M.W. argues that the presumptively reasonable time within which to file the mandamus petition in this case was seven days.
The Supreme Court first held in Ex parte Thomas,828 So.2d 952 (Ala. 2001), that the State had seven days within which to file a mandamus petition challenging a mid-trial ruling dismissing an indictment because the situation was analogous to the State's appealing a pretrial ruling dismissing an indictment. Rule 15.7, Ala. R.Crim.P. The reason for the Supreme Court's holding was that the only remedy the State had to challenge a similar ruling was the right to appeal a pretrial ruling dismissing a case. See also Ex parte Sharp,893 So.2d 571 (Ala. 2003).
The State also has the right to appeal the grant of a petition for a writ of habeas corpus. See § 12-22-90(b), Ala. Code 1975. The situation presented in this case — the granting of bail in a case involving a rendition warrant — is more analogous to the State's appealing an order granting a habeas corpus petition. Therefore, based on the Supreme Court's decisions in Thomas and Sharp, we hold that the State had 42 days from the date of Judge Haralson's ruling to file this mandamus petition. Thus, this mandamus petition is timely.
Even if we were to conclude that the shorter time period applied in this case, the State attempted to comply with the requirements of Rule 21(a), Ala.R.App. P., by detailing its reasons for the delay in filing this mandamus petition.[5] The State's petition reads: *Page 559 
 "The district attorney did not file a written objection to the granting of J.M.W.'s bail. Counsel for the State only received the transcript of the hearing showing that the district attorney presented the instant bail issue to the trial court . . . yesterday, August 30, 2005."
The "Requisition Demand and Agent Authorization" signed by the Governor of Virginia stated:
 "Whereas, it appears by the application for requisition and copies of Affidavit, Detention order, etc., which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the laws of this State that [J.M.W.] stands charged with the crimes of involuntary manslaughter and distribution of a controlled drug (2 counts) which I certify to be a crime(s) under the laws of [Virginia] committed in the County of Fairfax in [Virginia], and it has been represented to and satisfactorily shown to me that the accused was present in the State of Virginia at the time of the commission of said crime and thereafter fled from the justice of this State and may have taken refuge in the State of Alabama."
The State, citing this Court's holding in Balasco, supra, argues that the circuit court clearly erred in releasing J.M.W. after a rendition warrant had been executed. The State relies on the following statement in Balasco:
 "In Title 15 §§ 62, 63, Code of Alabama 1940 [now §§ 15-9-42 and 15-9-43, Ala Code 1975], is a requirement, subject to an exception not applicable here, that an accused be admitted to bail on a fugitive warrant, to await the execution of a rendition warrant of the Governor of Alabama, but there is no statutory authority for bail after an arrest on the latter warrant. The general rule is that an accused being held on a warrant of rendition is not entitled to bail. 35 C.J.S. Extradition
§ 19 p. 445."
52 Ala.App. at 102, 289 So.2d at 667 (emphasis added). J.M.W. argues that the above comments were obiter dictum.[6] He argues that Balasco is not binding on this Court and, in fact, is inconsistent with the holdings of the majority of jurisdictions that have similar statutes.[7]
In Balasco the defendant, an individual awaiting extradition to the State of Mississippi who had been arrested on a rendition warrant, appealed the denial of a petition for a writ of habeas corpus. The main issue addressed by the Court was whether Balasco's constitutional rights had been violated. The Court also addressed Balasco's claim in his habeas corpus petition that he was being held on excessive bail. The Court noted that after the extradition warrant had been executed the lower court set bail but Balasco was not able to make bail. TheBalasco Court stated that Balasco was not entitled to be released on bail because he was being held on a rendition warrant and the extradition statutes *Page 560 
did not allow for a detainee's release after the issuance of a rendition warrant. We believe that the Balasco's
Court's resolution of this issue is entitled to deference.[8]
J.M.W. also argues that because he is a juvenile the Interstate Compact on Juveniles, codified at § 44-2-1 et seq., Ala. Code 1975, governs his extradition, and not the provisions of the Uniform Criminal Extradition Act ("UCEA"), codified at §15-9-1 et seq., Ala. Code 1975.[9]
The Governor of Virginia sought J.M.W.'s extradition so that he could face criminal charges in Virginia for involuntary manslaughter and distributing controlled drugs, not so that he could face delinquency proceedings. As the Texas Court of Appeals stated in Ex parte Jetter, 495 S.W.2d 925,925-26 (Tex.Crim.App. 1973):
 "Whether appellant will have to be certified as an adult to stand trial for the crime in the State of Florida once she is extradited is a question for the courts of the State of Florida to determine and not one for the courts of the State of Texas. Cf. Ex parte Watson, Tex.Cr. App., 455 S.W.2d 300
[ (1970) ], and the cases cited therein.
 "Further, we find no limitation in the Uniform Criminal Extradition Act excluding minors from its operation. It should be remembered that the State of Florida is not asking for the return of this petitioner to answer the charge of being a juvenile delinquent, but is seeking her delivery to stand trial for the offense of murder in the first degree."
See also A Juvenile, 396 Mass. 116, 119,484 N.E.2d 995, 997 (1985) ("Where the petitioners have been charged with a crime in the demanding State, the asylum State has an `obligation to deliver, without any reference to the character of the crime charged, or to the policy or laws of the State to which the fugitive has fled' under the interstate rendition clause of the United States Constitution."). Therefore, we apply § 15-9-43, Ala. Code 1975, which governs bail for criminal extraditions.
In 1926, Alabama adopted the 1926 text of the UCEA, with only minor revisions. See Woodall v. State, 730 So.2d 627,636 n. 2 (Ala.Crim.App. 1997), rev'd on other grounds,730 So.2d 652 (Ala. 1998); Krenwinkel v. State, 45 Ala.App. 474,232 So.2d 346 (1970). The statutory provision governing bail in extradition proceedings is § 15-9-43, Ala. Code 1975; it states:
 "Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, the district or circuit court judge must admit the person arrested to bail by bond or undertaking, with sufficient sureties and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the Governor of this state."
(Emphasis added.) This statute authorizes bail before a governor's warrant has been issued but it does not specifically address the question whether a detainee is *Page 561 
entitled to bail after a governor's warrant has issued.
Other states with extradition statutes similar to §15-9-43, Ala. Code 1975, overwhelmingly follow theBalasco rationale. Michigan's bail provision in its ex-tradition statutes is virtually identical to Alabama's. In addressing whether the extraditee has a right to bail after a governor's warrant has issued, the Michigan Court of Appeals inIn re Ford, 187 Mich. App. 452, 468 N.W.2d 260 (1991), addressed all of the concerns expressed in J.M.W.'s response to the State's petition. The Michigan court stated:
 "The narrow question presented in this case is whether bail is available under this provision once the Governor has issued an extradition warrant. The statute itself does not expressly answer the question. The statute clearly permits the granting of bail in an appropriate situation before the Governor issues a warrant. And a reasonable interpretation of the phrase `conditioned for his appearance before him at a time specified in such bond, and for his surrender, to be arrested upon the warrant of the governor of this state' is that the initial grant of bail is to be revoked once the Governor's warrant is issued. But the statute does not address whether bail may be reinstated, or granted anew, after the fugitive has been arrested on the Governor's warrant.
 ". . . .
 "Instead, we look to and follow the reasoning of the majority of our sister states that have addressed this precise issue. The majority and minority views on this issue were summarized in a recent Illinois case, Beauchamp v. Elrod, 137 Ill.App.3d 208, 92 Ill.Dec. 86, 484 N.E.2d 817 (1985). Illinois has adopted the UCEA, including the bail provision at issue here. Neither Michigan nor Illinois has altered the bail provision. The defendant in Beauchamp had argued, as does the defendant here, that he was entitled to bail even though the governor of that state had issued an extradition warrant. The court said:
 "`A thorough review of case law in other States reveals that there is a minority and majority rule on this particular issue. The minority rule is that the right to bail continues even after issuance of the Governor's warrant. (See, e.g., Nebraska ex rel. Partin v. Jensen (1979), 203 Neb. 441, 279 N.W.2d 120; Carino v. Watson (1976), 171 Conn. 366, 370 A.2d 950; Ruther v. Sweeney (1956), 75 Ohio Abs. 385, 137 N, E.2d 292; Application of Haney (1955), 77 Idaho 166, 289 P.2d 945.) These courts reached their decision by reasoning that because courts have the inherent power to set bail the right continues even after issuance of the Governor's warrant. Plaintiff urges this court to adopt the minority rule and remand this case to the circuit court for the setting of reasonable bail.
 "`The majority of the courts that have addressed this issue have determined that, absent statutory authorization, a defendant detained by a governor's warrant has no right to bail. (See, e.g., Deas v. Weinshienk (1975), 188 Colo. 17, 533 P.2d 496; State ex rel. Howard v. St. Joseph Superior Court (1974), 262 Ind. 367, 316 N.E.2d 356; State v. Second Judicial District Court
(1970), 86 Nev. 531, 471 P.2d 224; In re Application of Amundson (1945), 74 N.D. 83, 19 N.W.2d 918; State v. Pritchett (1975), 12 Wash.App. 673, 530 P.2d 1348; In re Lucas
(1975), 136 N.J.Super. 24, 343 A.2d 845; Balasco v. State (1974), 52 Ala. App. 99, 289 So.2d 666; Grano v. *Page 562 State (Del.Super.Ct. 1969), 257 A.2d 768; Buchanan v. State ex rel. Weiss
(Fla.App. 1964), 166 So.2d 596.) The rationale of these decisions is that because the fugitive is being held for another State he should be readily available to be turned over to those who arrive to return him. A presumption exists that the demanding State will accord the fugitive all his legal rights, including that of bail. Meechaicum v. Fountain (10th Cir. 1983), 696 F.2d 790, 792.
 "`The reasoning of the majority rule, we conclude, is best suited for that of extradition proceedings. As the supreme court has stated, the asylum state is an inappropriate forum in which to raise constitutional issues. (Sweeney v. Woodall (1952), 344 U.S. 86, 89-90, 73 S.Ct. 139, 140-141, 97 L.Ed. 114, 118.) Furthermore, it is more appropriate that the accused's right to bail be tested by the laws of the demanding State where he is charged with a crime, and not by the state which holds him solely for the purpose of rendition. (State v. Second Judicial District Court (1970), 86 Nev. 531, 538, 471 P.2d 224, 227.) [137 Ill.App.3d at 214-215, 92 Ill.Dec. 86, 484 N.E.2d 817.]'
 "For additional cases following the majority rule, see Emig v. Hayward, 703 P.2d 1043, 1049-1050
(Utah, 1985); State ex rel. Schiff v. Brennan, 99 N.M. 641, 662 P.2d 642 (1983); Bayless v. Wandel, 119 Misc.2d 82, 462 N.Y.S.2d 396 (1983); State v. Truman, 115 Ariz. 145, 564 P.2d 96 (1977). We note also that at least one state, Nevada, has altered the language of the UCEA's bail provision to expressly provide that a fugitive may not be granted bail after the issuance of the governor's extradition warrant. Nev.Rev.Stat. 179.209.
 "We find the rationale of the majority of states, as set forth in Beauchamp, persuasive. The UCEA is derived from the Extradition Clause of the United States Constitution, art. IV, § 2, cl. 2. In Michigan v. Doran, 439 U.S. 282, 288, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978), the Court said that the Extradition Clause requires that extradition be a `summary and mandatory executive proceeding,' and that state courts are bound by the Extradition Clause and, where adopted, the UCEA. This principle was reaffirmed in Puerto Rico v. Branstad, 483 U.S. 219, 227, 107 S.Ct. 2802, 2808, 97 L.Ed.2d 187
(1987), where the Court also stated that the Extradition Clause `afford[s] no discretion to the executive officers or courts of the asylum state.' Under Doran, once the governor of the asylum state has granted extradition, a court can do no more than (a) examine the extradition documents to ensure that they are facially valid, (b) determine whether the petitioner had been charged with a crime in the demanding state, (c) ensure that the person being held is the person named in the extradition request, and (d) determine whether the person is a fugitive.
 "We read Doran to require the asylum state, once the governor has granted extradition by issuing a proper extradition warrant, to simply hold the person for extradition, subject to the habeas corpus challenge outlined in that case. See Cadle v. Cauthron, 266 Ark. 419, 584 S.W.2d 6 (1979). Once extradited, the demanding state can then determine whether the fugitive is entitled to bail, and in what amount. It would be inconsistent with the function ascribed to the asylum state by the Extradition Clause and the UCEA to permit courts of the asylum state to grant bail to a fugitive after a proper demand has been tendered and a governor's extradition warrant *Page 563 
is issued in this state. By granting bail in this case, the lower courts abused their discretion.
 "Defendant argues that this result is incorrect because under Const. 1963, art. 1, §§ 15 and 16 and the statutes implementing those provisions, M.C.L. § 765.1 et seq.; M.S.A. § 28.888 et seq., all persons are entitled to bail except in the enumerated circumstances. However, those provisions refer to persons charged with offenses against the laws of this state and are not applicable to persons arrested in this state for interstate extradition. Where a person has committed no crime in this state, but was merely arrested here and is awaiting extradition to another state, the mandates of the Extradition Clause control. We believe that our decision more closely comports with the Extradition Clause and the UCEA."
187 MichApp. at 455-59, 468 N.W.2d at 262-64.
We agree with, and adopt, the reasoning employed by the Court of Appeals of Michigan. See also Hames v. Sturdivant,181 Ga. 472, 182 S.E. 601, 602 (1935)("The weight of authority . . . is that when a person is in custody under an extradition warrant he is not entitled to bail."); Walden v.Mosley, 312 F.Supp. 855, 860 (D.C.Miss.1970) ("In the relatively few reported cases in which a petitioner has been admitted to bail pending a habeas corpus hearing on extradition, it was almost always before the governor of the asylum state had issued his warrant of rendition where it appeared there might be a substantial delay before the petitioner would be extradited and have an opportunity to make bail in the demanding state.");Mandina v. State, 749 S.W.2d 472, 474
(Tenn.Crim.App. 1985) ("Tennessee does not authorize bail for prisoners after their arrest upon the rendition warrant of the Governor of Tennessee. See T.C.A. 40-9-106 and 40-9-108.[10] Once a fugitive is served with a rendition warrant of the governor of the asylum state, he is not entitled to bail and no constitutional abridgement is involved."); Emig v.Hayward, 703 P.2d 1043, 1050 (Utah 1985) ("Different rules apply to the period following the issuance of the governor's warrant. Under the Uniform Criminal Extradition Act, . . . once the governor's warrant issues . . . there is no provision for release on bail."); Buchanan v. State ex rel. Weiss,166 So.2d 596, 597 (Fla.Dist.Ct.App. 1964), ("The integrity of the processes of the courts of Florida as well as the solemnity and dignity that we should accord the request of a demanding sister state, places in jeopardy the ability of this state to produce the prisoner for delivery to the demanding state when that time arrives."). See also Annot., Right of Extraditeeto Bail After Issuance of Governor's Warrant and Pending FinalDisposition of Habeas Corpus Claim, 13 A.L.R.5th 118 (1993).
The decision in Balasco is consistent with §15-9-43, Ala. Code 1975, and the majority of other jurisdictions that have similar extradition statutes. Once a rendition warrant has been issued, an individual has no statutory right to bail in Alabama. Therefore, Judge Haralson had no legal basis under § 15-9-43, Ala. Code 1975, on which to grant bail in this case.
Based on the cases cited above, we issue the writ of mandamus. We direct Judge Haralson to vacate his order releasing J.M.W. on bail pending the outcome of the habeas corpus proceeding challenging *Page 564 
J.M.W.'s extradition to the State of Virginia to face charges on involuntary manslaughter and distributing controlled drugs.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[2] A "rendition warrant" is "a warrant requesting the extradition of a fugitive from one jurisdiction to another."Black's Law Dictionary 1617 (8th ed.2004).
[3] It appears from the exhibits filed with the response to the petition that bail was conditioned on J.M.W.'s residing at Three Springs Wilderness School located in Jackson County. The school is a facility for juveniles with substance-abuse and behavioral problems.
[4] The time limitation on the period within which a mandamus petition must be filed was added to Rule 21(a), Ala.R.App.P., effective September 1, 2000. Before that date Rule 21, Ala.R.App.P., contained no time limitation on the filing of a mandamus petition.
An amendment to Rule 21(a) effective June 1, 2005, reorganized that rule, so that the time limitation for filing extraordinary petitions is now found in Rule 21(a)(3), Ala. R.App.P. 
[5] Rule 21(a)(3), Ala.R.App.P., states, in part: "If the petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
[6] "Obiter dictum" is defined as "a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." Black's LawDictionary 1102 (8th ed.2004).
[7] J.M.W. also attacks the validity of the extradition warrant. Any issues attacking those proceedings, however, are not properly before this Court at this time because no formal hearing has been held on the petition for the writ of habeas corpus. That hearing is scheduled for November 2, 2005.
[8] This specific holding in Balasco has been cited as precedent. See Annot., Right of Extraditee to Bail AfterIssuance of Governor's Warrant and Pending Final Disposition ofHabeas Corpus Claim, 13 A.L.R.5th 118 (1993); Annot.,Extradition of Juveniles, 73 A.L.R.3d 700 (1976).
[9] "The constitutional provision and the legislation governing extradition make no special provisions for juveniles, and the cases, at least by implication if not expressly, recognize that juveniles may be extradited the same as adults." Annot., Extradition of Juveniles, 73 A.L.R.3d 700 (1976).
[10] This statute is virtually identical to Alabama's. *Page 1014