[Civil No. 2307. Filed October 6, 1924.]

[229 Pac. 96.]

THE STATE OF ARIZONA, at the Relation of E. P. PATTERSON, County Attorney of Pinal County, Arizona, and ENIS THURMAN, Sheriff of Pinal County, Arizona, Petitioners, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA Within and for the County of Pinal, STEPHEN H. ABBEY, Judge, and J. D. BENNETT, Clerk of Said Court, Respondents.

1. HABEAS CORPUS—CERTIORARI LIES TO REVIEW DISCHARGE BASED ON PETITION INSUFFICIENT TO GIVE JURISDICTION.—Though an appeal lies under Civil Code of 1913, paragraph 1227, subdivision 7, from an order of discharge on *habeas corpus*, *certiorari* may be granted under paragraph 1495, where such order was based on a petition which was insufficient to give jurisdiction.

2. HABEAS CORPUS—PETITION FOR WRIT MUST SHOW PRIMA FACIE CASE OF UNLAWFUL IMPRISONMENT.—Petition for writ of *habeas corpus* should contain statement of facts showing at least a *prima facie* case of false or unlawful imprisonment and general insinuations or assertions of unlawfulness are insufficient.

3. CRIMINAL LAW—VIOLATION OF PROHIBITION LAW MISDEMEANOR.—Violation of state prohibition law is misdemeanor under Arizona Constitution, article 23. See Laws 1915, Amendments, page 1.

4. CRIMINAL LAW—PRELIMINARY TRIAL UNNECESSARY IN MISDEMEANOR CASES.—Preliminary trial is not necessary before filing of information in misdemeanor case.

5. CRIMINAL LAW—WARRANT FOR ARREST UNNECESSARY TO GIVE COURT JURISDICTION IN MISDEMEANOR CASE. — In misdemeanor case, whether defendant was arrested with or without a warrant or whether he voluntarily appeared would not affect court's jurisdiction to accept his plea of guilty upon his arraignment or court's power to sentence him upon such plea.

1. Judgment or order in *habeas corpus* as reviewable on appeal, see note in Ann. Cas. 1913D, 849. See, also, 12 R. C. L. 1256.

2. See 12 R. C. L. 1231.

4. Right of accused to preliminary examination, see note in Ann. Cas. 1916E, 312. See, also, 8 R. C. L. 104.

5. See 8 R. C. L. 96.

6. HABEAS CORPUS—ISSUANCE OF WRIT HELD UNAUTHORIZED AND VOID,
   WHERE PETITION FAILED TO SHOW UNLAWFUL IMPRISONMENT.—
   Petition for writ of *habeas corpus* seeking discharge from im-
   prisonment which failed to show wherein petitioner's imprisonment
   was illegal, as required by Penal Code, section 1346, was insufficient,
   and court's issuance of writ pursuant thereto *held* unauthorized and
   void.

Original proceedings for Writ of Certiorari. Writ issued and upon final hearing proceedings in the matter of Writ of Habeas Corpus for one A. Lewis ordered quashed.

Mr. E. P. Patterson, County Attorney, for Petitioners.

Mr. H. G. Richardson, for Respondents.

ROSS, J.—The petition by the state, on the relation of the sheriff and the county attorney of Pinal county, shows that respondent Honorable Stephen H. Abbey was the superior judge, and respondent J. D. Bennett was clerk of the superior court, of Pinal county at all times mentioned herein; that on April 12, 1924, one A. Lewis was arrested under a warrant issued by the justice of the peace of precinct No. 1 of said county upon a charge of transporting intoxicating liquor from one point in said county to another point therein, in violation of the state prohibition law; and that on the same day, without further action or proceeding in said justice of the peace court, the county attorney of said county filed an information against said Lewis in the superior court of Pinal county for the same offense; that thereafter on the same day Lewis was arraigned, and upon his arraignment pleaded guilty, and was by the court (the re-

6.  See 12 R. C. L. 1231.
    See 16 C. J. 298; 29 C. J. 143, 187; 31 C. J. 628; 33 C. J. 576 (1926 Anno.).

spondent Stephen H. Abbey presiding) sentenced to nine months' imprisonment in the county jail, and to pay a fine of $250, and in default of such payment to serve fine out at the rate of $1 per day.

It is set out in petition that thereafter on the thirteenth day of May, 1924, the said Lewis filed his petition with the respondents for a writ of *habeas corpus,* alleging the above facts as the cause of his imprisonment, and that such imprisonment was illegal, because no order of commitment was made by said justice of the peace, and no warrant of arrest was ever issued upon the information and served upon the prisoner; that upon the filing of such petition by said Lewis the respondent Abbey entered an order for the issuance of a writ of *habeas corpus,* and upon the hearing of the same had ordered Lewis discharged from custody.

It is further alleged in petition that the action of the respondents in ordering and issuing the writ was without jurisdiction, and that all the proceedings had thereunder were null and void, and without law to support them.

The petition was filed upon leave obtained from the court, and the writ of *certiorari* ordered issued. May 24, 1924, the writ, together with the return, was filed in this court. The return does not contradict the allegations of the petition, but is in confirmation of the things therein set out.

On the day set for hearing the respondents moved the dismissal of the writ upon the ground that the petitioner, under the statute (subdivision 7, paragraph 1227, Civil Code) had the right of an appeal from the order discharging Lewis, and, having such right, by the terms of the statute concerning *certiorari* (paragraph 1495, Civil Code) this writ was not lawfully issued, and should be quashed.

It is true under paragraph 1227, subdivision 7, the officer having the custody of the prisoner, or the

county attorney, on behalf of the state, may appeal from an order or judgment discharging the prisoner and, if that was the only thing complained of, the motion to dismiss would probably have to be granted, but that is not all.

The petition asserts that the order directing the issuance of the writ of *habeas corpus,* and all other proceedings thereunder, were without jurisdiction. The same situation was presented to this court in *State ex rel. Attorney General* v. *Superior Court, Pinal County, et al.,* 22 Ariz. 452, 197 Pac. 537, known as the Nichen Martin case, and *State ex rel. Attorney General* v. *Superior Court, Pinal County, et al.,* 25 Ariz. 226, 215 Pac. 538, known as the Manuel Martinez case. In both these cases the writ of *certiorari* was employed to review the action of the Pinal superior court in issuing writs of *habeas corpus* in cases in which the court plainly and clearly had no jurisdiction under the facts exhibited to it as a basis for the issuing of such writ. In neither of those cases had the *habeas corpus* proceeding advanced to the stage of discharging the prisoner, and in that regard only do they differ from the present case. In this case, as it was in those cases, it is charged the court, upon the showing made by Lewis in his petition for writ, had no jurisdiction to order writ, and that therefore the court exceeded its jurisdiction in that regard and, since there is no appeal from such unlawful order, the remedy by *certiorari* is available. That is unquestionably the rule of the Martin and Martinez cases. That jurisdiction to make the order was lacking is too evident for extended argument. The court does not have to order the issuance of a writ of *habeas corpus,* and ought not to order it, simply because it is asked to do so in a formal writing. The instrument presented to the court must contain a statement of the facts that shows at least a *prima facie*

case of false or unlawful imprisonment. General assertions or insinuations of unlawfulness will not do.

In the present case the petition not only lacked facts showing Lewis was unlawfully imprisoned, but it contained facts that indubitably showed his imprisonment was lawful. His pretense of unlawfulness, as set out in petition, was that he should have been arrested upon a warrant issued on the information, or that he should have been committed by the justice of the peace, and that these were constitutional rights he was powerless to waive.

A violation of the prohibition law is a misdemeanor under the Constitution. Article 23, Amendments, p. 1, Sess. Laws 1915.

It is settled by the decisions of this court that a preliminary trial is not necessary before filing of information in misdemeanor cases. *Cummings* v. *State,* 20 Ariz. 176, 178 Pac. 776.

It is certainly a novel doctrine to say that a party charged with a misdemeanor may not personally or by attorney appear in a court of record without being served with warrant, and plead guilty to an information theretofore filed against him, and that, if he does do such a thing, and is sentenced to punishment in jail, he may secure his discharge upon a writ of *habeas corpus.* That no bench warrant was issued after the filing of information was doubtless because Lewis was already in the custody of the law officers. At all events, whether Lewis was arrested with or without a warrant, or whether he voluntarily appeared, it would not affect the court's jurisdiction to accept his plea of guilty upon his arraignment or the court's power to sentence him upon such plea.

Section 1346, Penal Code, provides, among other things, that a petition for a writ of *habeas corpus* shall specify if the imprisonment be alleged to be illegal, in what the alleged illegality consists, and sec-

tion 1348, Id., provides that the judge to whom the petition is presented must, "if it appear that the writ ought to issue," grant the same without delay. The instrument presented to respondent absolutely failed to show wherein Lewis' imprisonment was illegal, and there was nothing to call forth an exercise of the court's jurisdiction. It is not only an erroneous and false idea to assume that the writ of *habeas corpus* must issue in all cases where it is applied for, whether it is well grounded or not, but to issue it in the absence of a showing of an unlawful restraint is an arbitrary and capricious abuse of power.

We think the case is controlled by the Martin and Martinez cases, *supra,* The respondent judge and court was without authority upon the petition filed to make the order directing the issuance of the writ of *habeas corpus,* and the whole proceeding was therefore null and void, and the discharge of Lewis was irregular and illegal.

The *habeas corpus* proceeding should be quashed, and it is so ordered.

McALISTER, C. J., and LYMAN, J., concur.