389 P.2d 696

**Applications of John G. OPPENHEIMER
for Writs of Habeas Corpus.
John G. OPPENHEIMER, Appellant,**

v.

**L. C. BOIES, Sheriff of Maricopa County,
Charles P. Thomas, Phoenix Chief
of Police, Appellees.**

Nos. 7878, 7920, 7948, 8079.

Supreme Court of Arizona.

En Banc.

Feb. 19, 1964.

John G. Oppenheimer, in pro. per.

Robert W. Pickrell, Atty. Gen., David M. Lurie, Asst. Atty. Gen., Phoenix, for appellees.

STRUCKMEYER, Justice.

On February 9, 1963, petitioner John G. Oppenheimer was arrested in Phoenix, Arizona, as a fugitive from justice and held on a fugitive complaint for the State of California. This Court's jurisdiction was first invoked when Oppenheimer filed a petition for writ of habeas corpus and for reduction of bail. This petition was docketed in this Court as Cause No. 7878. Three days later, Oppenheimer filed an amended petition. Shortly thereafter, he filed a second petition

for writ of habeas corpus. This Court directed that they be heard by the Superior Court of Maricopa County and there determined as original applications for writs of habeas corpus. The two petitions, together with the amended petition, were heard by the Honorable Charles C. Stidham, Judge, and denied but bail was ordered reduced from $10,000 to $7,500.

Three days after Judge Stidham's order, appellant filed in this Court his third petition for writ of habeas corpus and two days later a fourth petition. Five days later, Oppenheimer was given a second hearing in the Superior Court of Maricopa County before the Honorable Irwin Cantor, Judge, upon a petition for a writ of habeas corpus addressed to that court. That petition was denied. In rapid succession, Oppenheimer filed in this Court a fifth and sixth petition for writs of habeas corpus. All of these petitions were forwarded to the superior court for appropriate action. Petitions three, four, five and six were heard by the Honorable Yale McFate, Judge, at a third hearing on April 15, 1963, and they were denied. Petitioner filed notice of appeal which was docketed as Cause No. 7948.

■ On the day of petitioner's third hearing in the superior court before Judge McFate, he filed in this Court his seventh petition for writ of habeas corpus. This was docketed as Cause No. 7920. Since its contents showed that petitioner was not entitled to any relief because of repetitious matters previously asserted in other petitions, or for the reason that the grounds urged did not justify the interposition of the writ, that application was summarily denied. Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Since that time, April 15, 1963, Oppenheimer has filed in this Court his eighth, ninth, tenth and eleventh petitions for writs of habeas corpus. He filed another petition in the superior court on September 6, 1963. This latter was heard on September 10, 1963, by the Honorable Warren McCarthy, Judge, and denied on the same day. Notice of appeal was filed as to this last petition and was docketed here as Cause No. 8079. This Court, on November 26, 1963, ordered all matters, both original applications and appeals, be consolidated for decision.

■ By the Arizona statutes, A.R.S. § 13–2001, a person unlawfully restrained of his liberty under any pretense whatsoever may petition for and prosecute a writ of habeas corpus to inquire into the cause of such restraint. He shall apply for the writ by verified petition and if the imprisonment is alleged to be illegal, it must state the particulars of the alleged illegality. A.R.S. § 13–2002. As an initial comment it may be stated that in many instances petitioner has alleged want of due process and other legal conclusions without supporting facts showing a prima facie case of illegality of re-

straint. The simple assertions of unlawfulness are insufficient. The writ of habeas corpus will not be abused by issuance unless the facts stated show that petitioner is entitled to be discharged. State ex rel. Patterson v. Superior Court, 26 Ariz. 584, 229 P. 96.

Oppenheimer's grounds of complaint as set forth in the petitions were many. The most serious assertions were that no court of competent jurisdiction issued a warrant for his arrest and that he was not a fugitive from justice. Technical complaints were made, as for example, he was arrested in West Phoenix Justice Precinct and not in East Phoenix Justice Precinct as alleged in the fugitive complaint. Interspersed were matters obviously not grounds for habeas corpus—that he had been assaulted by an inmate of the county jail, that the Sheriff of Maricopa County in whose custody he was placed was not giving him necessary protection, and that he was not given library privileges to the Maricopa County Law Library.

It appears that the Honorable Yale McFate had before him for consideration on April 15, 1963, not only petitions three through six but Oppenheimer's original, amended and second petitions previously denied by Judge Stidham. There was also included a petition for writ of habeas corpus lodged with the Honorable Henry S. Stevens, a Superior Court Judge, together with a letter to the court administrator of the Superior Court of Maricopa County to which was attached another petition for writ of habeas corpus.

It was established that on the 18th day of March, 1963, the Governor of Arizona honored the demand of the Governor of California and caused to be issued his warrant to hold and transport defendant to the State of California. The fugitive proceeding under which Oppenheimer had been held prior to March 18, 1963, had been dismissed. It, therefore, appeared that Oppenheimer was being then held solely on the Governor's warrant pursuant to A.R.S. § 13–1307.

■■ The hearing before Judge McFate was treated as an application for and preliminary to the issuance of a writ of habeas corpus. Documents consisting of the original papers from California and the warrant of the Governor of the State of Arizona were tendered to the Court for its inspection. We have held, Ex parte Rubens (Rubens v. Boies), 73 Ariz. 101, 238 P.2d 402, certiorari denied 344 U.S. 840, 73 S.Ct. 50, 97 L.Ed. 653, that the governor's warrant is not final and conclusive. An accused may bring habeas corpus to question the insufficiency of the requisition. The court is then under the duty to find these jurisdictional facts, viz.: (1) that the complaint issued out of the demanding state was made on an affidavit; (2) that it substantially charges an offense; (3) that it is made to appear the accused is a fugitive from justice. Judge

McFate, apparently being satisfied of the three foregoing jurisdictional facts, entered an order denying the application for the writs and dismissing the proceedings.

In Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction. State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691. Even where there has been a denial of due process of law, it must be such as to deprive a court of jurisdiction in order to permit of the issuance of the writ. Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632. Were we to assume, which we do not, that Oppenheimer's original arrest and detention by reason of the fugitive complaint was illegal, he could not oppose extradition proceedings on that ground. Where it appears that sufficient grounds for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940. Courts will not consider the illegality of the preliminary detention in the asylum state where subsequently a valid warrant on rendition has been signed by its governor. Travis v. People, 135 Colo. 141, 308 P.2d 997.

In this Court, Oppenheimer raises all the matters raised in the court below concerning the fugitive proceedings as well as matters directed against the validity of the governor's warrant on extradition. His complaints are in part addressed to informalities in a hearing before the attorney general prior to the issuance of the governor's warrant. As to these, we think they can be quickly resolved.

By A.R.S. § 13–1304, when demand is made upon the governor of this state for the surrender of a person charged with crime in another state, the governor may call upon the attorney general to investigate the demand and report the situation and whether such person ought to be surrendered. This statute authorizes the governor to make an investigation if he so desires. It is permissive and not compulsory and, therefore, may be of the most informal type or none at all. Oppenheimer's complaints as to the informalities in the hearing at which no permanent record was kept are without merit.

A certified copy of the governor's warrant on extradition and accompanying documents have been filed in the office of the secretary of state. On appeal, we will take judicial notice of the records filed in the office of the secretary of state. Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617, 33 A.L.R.2d 1102; Hernandez v. Frohmiller, 68 Ariz. 242, 204 P.2d 854. Records on extradition filed with the secretary of state are the proper subject of judicial notice. Schriver v. Tucker, Fla., 42 So.2d 707. We have examined the governor's warrant and instruments attached thereto received by the governor from the State of California and

find they fully satisfy the requirements of law.

■ Oppenheimer complains that his identity as the defendant under the California criminal charge was not sufficiently established. There is presented, attached to the affidavit of James E. Hendrix, a deputy sheriff of the County of Los Angeles, State of California, accompanying the requisition papers, photographs of John G. Oppenheimer, the defendant in the California proceedings. This, together with the similarity of names, was sufficient to establish identity by the Governor of Arizona. Ex parte Freeman (Freeman v. Boies), 80 Ariz. 21, 291 P.2d 795.

■ Oppenheimer complains that the indictments returned against him in California do not charge a violation of its criminal laws. This was determined against him on November 26, 1962, by the California District Court of Appeals, People v. Oppenheimer, 209 Cal.App.2d 413, 26 Cal.Rptr. 18, and we adopt its views as to the construction of California law.

■ Oppenheimer argues that he is not a fugitive from justice from California in two respects. First, that he left the State of California after the indictment had been dismissed and prior to the time it was reinstated by order of the District Court of Appeals and accordingly he did not flee from justice. As to this, a person is a fugitive from justice within the meaning of that term if, having committed a crime in another state, he has left its jurisdiction and is found in Arizona. Ex parte Riccardi (State v. Riccardi), 68 Ariz. 180, 203 P.2d 627.

■ Second, he asserts he is not a fugitive from justice because he claims he was in the State of Nevada at the time of the alleged commission of the offenses. This could have been a proper ground for the governor to refuse to honor the demand of the State of California had he been of such a view. The governor, however, could weigh Oppenheimer's statement against the allegations of the indictment returned against him in California to the effect that he "at and in the County of Los Angeles, State of California" committed the acts charged and could conclude that Oppenheimer's bare statement was not sufficient to overcome those allegations. The prima facie facts established in the extradition warrant issued by the governor can be overcome only by clear and convincing evidence or by evidence beyond a reasonable doubt. Ex parte Riccardi, supra. The governor is entitled to act on the statements in the affidavit accompanying the requisition that an accused is a fugitive from justice. Ex parte Rubens, supra.

■ Oppenheimer complains that the court did not appoint an attorney to assist him in his struggle with the forces of law

and order. The record does not support Oppenheimer in this complaint. An attorney was appointed as counsel for him on March 15, 1963, and appeared with him in the second hearing held before Judge Cantor. Subsequently, Oppenheimer discharged him. Thereafter, he was not represented by counsel in any way. Even were we to assume that an indigent is entitled to a court-appointed counsel on an application for writ of habeas corpus, he is not, as a matter of right, entitled to the lawyer of his choice. It is sufficient if assigned counsel is a qualified member of the bar of this state and acts diligently and in accordance with the professional ethics required of attorneys.

■ In the instant matters, petitioner was not entitled to the assistance of counsel. The pronouncements of the Federal Circuit Court of Appeals in United States v. Wilkins, 2 Cir., 281 F.2d 707, fully answer Oppenheimer's arguments:

"Although the federal courts have increasingly recognized the importance of representation by counsel in all criminal proceedings, see Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; cf. United States v. Paglia, supra [2 Cir., 190 F.2d 445, 447], it is settled that there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 1945, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. * * * We cannot ignore the fact that a very large proportion of applications of this kind submitted to the federal courts are utterly frivolous, see Brown v. Allen, 1953, 344 U.S. 443, 536–537, 73 S.Ct. 397, 437, 97 L.Ed. 469, and that the imposition of any requirement that counsel be appointed in all such cases would place a burden both upon the courts and the bar. We do not suggest that the settled rule be overturned." 281 F.2d 715.

■ As has been heretofore pointed out, Oppenheimer's petitions are repetitious. Where there are subsequent applications based upon identical grounds, we will dismiss the applications without a hearing. People ex rel. Gusick v. Eyman, 81 Ariz. 206, 303 P.2d 531. Moreover, we will not issue the writ of habeas corpus where facts are not stated which justify invoking the jurisdiction of this Court or where only legal conclusions are alleged. Oppenheimer's ninth, tenth and eleventh petitions for writs of habeas corpus are ordered denied and dismissed; and for all of the foregoing reasons, the judgments of the courts below in Causes Nos. 7948 and 8079 are affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and BERNSTEIN and JENNINGS, JJ., concurring.