438 P.2d 341

John T. COOPER, Appellant,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.

No. 2 CA–CIV 440.

Court of Appeals of Arizona.

March 5, 1968.

John T. Cooper, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellees.

MOLLOY, Judge.

This is an appeal from a Pinal County Superior Court order denying appellant's petition for a writ of habeas corpus and for a "show cause" order to be directed to the Sheriff of Pima County why he "* * * withheld new evidence or evidence that was and still is in respondent's [sheriff's] possession that would have proved petitioner's innocence * * *." The appellant here complains, among other matters, of a failure to provide him with court-appointed counsel and a transcript of his testimony before the lower court.

The petition filed below seems almost designedly obscure. It does not reveal the nature of the "evidence" allegedly suppressed by the Pima County Sheriff other than through the innuendo provided by a copy of a letter attached to the petition, which letter was written by a deputy in the Pima County sheriff's office to the petitioner which, in pertinent part, reads:

> "Your letter states that we (at the Pima County Jail) have a visiting book for Detectives to sign before seeing a prisoner. I am sorry to inform you that we do not have or have never had this type of a book. The Only visiting book we have in the jail is an attorney book. When an attorney is in to see his client, he (the Attorney) signs this.
>
> "But no book as your letter states."

The verification attached to the petition for habeas corpus states that petitioner "* * * knows the contents thereof to be true and correct in an [sic] according to Exhibits A, B and C." Exhibit A to the petition is a copy of the letter from which the above quote is taken and Exhibits B and C are copies of certified mail receipts and an envelope addressed to the Sheriff of Pima County which purportedly show a refusal of the Pima County sheriff's office to accept a letter from the petitioner. Neither of these latter two attachments has any assertion pertaining to the existence of any jail records or the suppression of any evidence.

From the reply brief filed in this court, one can learn that petitioner contends a visiting book at the county jail would show "* * * the investigating officer was

*lying* \* \* \*" when he testified he took the petitioner out of his jail cell "only once" to interrogate him, in that the officer had so taken the petitioner on three separate occasions.

The petitioner testified in the lower court in support of his petition, but the lower court denied a writ and in this manner denied the petitioner's request that the Sheriff of Pima County be ordered to show cause why he had withheld evidence. The trial court denied petitioner's request for court-appointed counsel in the lower court and denied petitioner's request for a free transcript of the petitioner's testimony below.

■ It is our view that the trial court acted properly. This is a collateral attack upon a judgment regular on its face and as such carries with it a presumption of validity. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Miller v. Crouse, 346 F.2d 301 (10th Cir. 1965). We have held, and reaffirm now, that in petitioning for a writ of habeas corpus, the petitioner must set forth facts to show the voidness of the judgment attacked. Application of Buccheri, 6 Ariz. App. 196, 431 P.2d 91, 101 (1967). Here, as in *Buccheri,* the petition is replete with citation of law and legal argument, but the critical facts are absent. We recognize that if evidence is suppressed by law-enforcement officers which has direct materiality upon the issues tried, such conduct is sufficient to invalidate a conviction. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967). However, when charges of suppression of evidence are brought, we are of the view a petition must set forth facts under oath constituting " \* \* \* the particulars of the alleged illegality." A.R.S. § 13–2002. Mere conclusions without supporting facts do not merit the issuance of a writ of habeas corpus. Aplications of Oppenheimer, 95 Ariz. 292, 296, 389 P.2d 696 (1964), cert. denied

377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964); State ex rel. Patterson v. Superior Court, 26 Ariz. 584, 229 P. 96 (1924).

■ The evaluation of a *pro se* petition should be with a measure of tolerance for lack of skill on the part of the petitioner, Application of Buccheri, 431 P.2d at 101. When factual conclusions are alleged, as here, and the testimonial qualifications of the affiant do not appear, as here, we believe it not inappropriate for the trial court to make a preliminary investigation, which may include the taking of testimony, to satisfy its conscience as to whether the petitioner appears to be illegally detained. See Oppenheimer, 95 Ariz. at 296, 389 P.2d at 699; and see Ellerbrake v. King, 116 F.2d 168 (8th Cir. 1941).

■ Conceivably, after such a hearing, the trial court might appoint counsel for the petitioner to assist in the preparation of a proper petition. See Hackin v. State, 102 Ariz. 218, 220, 427 P.2d 910, 912 (1967). However, until an appropriate factual petition is laid before the court, it is at least doubtful that the court has jurisdiction to issue the writ. See Patterson, 26 Ariz. at 589, 229 P. 96. Certainly, in the absence of appropriate factual assertions, the court has discretion to deny the writ without a formal hearing. Oppenheimer, 95 Ariz. 292, 389 P.2d 696.

■ This petition on its face being insufficient, and the trial court having satisfied its own conscience that there is no manifest injustice in the petitioner's incarceration, we are unable to say that the superior court erred in denying this writ.

The denial of counsel to represent the petitioner in these proceedings is not error. Palmer v. State, 99 Ariz. 93, 407 P.2d 64 (1965), cert. denied 385 U.S. 854, 87 S.Ct. 101, 17 L.Ed.2d 82 (1966); and see Oppenheimer, 95 Ariz. at 299, 389 P.2d 696.

■ There having been no proper petition for habeas corpus, no writ having been issued, and no formal hearing having been

held thereon, it is our view that there is no right to a transcript of petitioner's testimony at public expense. As we view the holding of Long v. District Court of Iowa, In and For Lee County, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966), it is applicable only "[a]fter an evidentiary hearing * * *" (87 S.Ct. at 363), which we conceive to be the factual hearing held after the filing of an effective petition for habeas corpus.

The judgment rendered below is affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.