546 P.2d 1155

Application of Kathryn Montgomery for a Writ of Habeas Corpus.

Kathryn MONTGOMERY, Appellant,

v.

Paul BLUBAUM, Sheriff of Maricopa County, Arizona, Appellee.

No. 1 CA–HC 39.

Court of Appeals of Arizona, Division 1, Department A.

March 16, 1976.

William H. Chester, Phoenix, for appellant.

Moise Berger, Maricopa County Atty. by Lyle Reinsch, Deputy County Atty., Phoenix, for appellee.

OPINION

DONOFRIO, Presiding Judge.

On July 9, 1974, appellant Kathryn Montgomery was arrested on a fugitive warrant issued by the East Phoenix Precinct 2 Justice of the Peace Court. The fugitive from justice complaint before that court charged appellant with theft of rental property in Mesa County, Colorado, and with being a fugitive from the State of Colorado on that charge.

Appellant was released on her own recognizance pending a hearing, meanwhile, requisition papers were forthcoming from Colorado and a governor's warrant on extradition was thereafter issued. On September 19, 1974, appellant was arrested on the warrant. She thereupon filed a petition for habeas corpus.

At the time the trial court began his hearing of the petition he advised counsel of his views on the law and told them that it would be helpful to the court if they would present authorities to him regarding the law in the matter. A response and return to the petition for habeas corpus was properly filed by the sheriff in accordance with the statute and the court's request.

On October 9, 1974, the court proceeded with the hearing in which the appellant, her husband, her stepmother and other witnesses testified. The trial court then took the matter under advisement with leave of counsel to submit authorities on certain points of law urged by appellant. Thereafter on October 21, 1974, the court rendered its decision as follows:

"Based on the record before the Court, Petitioner has failed to meet the requirements of *Oppenheimer* to have the Governor's Warrant quashed, and has failed to show by clear and convincing evidence that the Extradition was issued in bad faith.

"ORDERED quashing Writ of Habeas Corpus issued in this cause.

"ORDERED dismissing Petition in this cause.

"ORDERED directing the Sheriff of Maricopa County to execute the Governor's Warrant on Extradition issued on or about September 13, 1974, naming Kathryn Montgomery as the individual to be extradited to Colorado."

Appellant has raised many questions regarding the validity of the extradition. Although she has presented many facts in her favor that might well persuade the trier of fact in Colorado to acquit her at a trial, we have examined the governor's warrant and instruments attached thereto from the demanding state and find they fully satisfy the requirements of the law.

It would appear that at the beginning of this extradition the authorities from Colorado were endeavoring to get appellant to pay for the property involved in the criminal charge which was allegedly the theft of a portable color TV set belonging to a Colorado TV rental firm. On this point appellant claimed to have left the set in Colorado for its return to the owner and urged that the extradition was not in good faith and that it was for the purpose of collecting a civil debt.

We believe the law is clear that the only issues to be determined are: (1) That the complaint issued out of the demanding state was made on an affidavit; (2) that it substantially charges the offense; (3) that it is made to appear that the accused is a fugitive from justice. *Applications of Oppenheimer*, 95 Ariz. 292, 389 P.2d 696, cert. den. 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964), *Application of Dugger*, 17 Ariz.App. 297, 497 P.2d 413 (1972), and *State v. Jacobson*, 22 Ariz. App. 260, 526 P.2d 784 (1974). However, the trial court, feeling it was a proper area of inquiry, looked beyond the documentary assertions of the demanding state and considered the question of bad faith and found that it did not exist. While such inquiry is not required by law, we have nevertheless considered the record and can find no abuse of discretion by the trial court.

Affirmed.

OGG and FROEB, JJ., concur.