564 P.2d 96

The STATE of Arizona, Petitioner,

v.

Honorable Alice TRUMAN, Judge of the Superior Court, IN AND FOR the COUNTY OF PIMA, Respondent,

and

Damon Craig BAUM, Real Party in Interest.

No. 2 CA–CIV 2500.

Court of Appeals of Arizona, Division 2.

March 22, 1977.

Rehearing Denied April 27, 1977.

Stephen D. Neely, Pima County Atty., by Edward Nesbitt, Deputy County Atty., Tucson, for petitioner.

Rabinovitz, Minker & Dix, P. C. by S. Jeffrey Minker, Tucson, for real party in interest.

OPINION

RICHMOND, Judge.

A petition for a writ of habeas corpus filed in superior court by the real party in interest alleges, inter alia, the following facts. On March 29, 1976, a governor's warrant on extradition commanding the arrest of Damon Craig Baum was issued. The governor's warrant alleged that Baum was in the custody of the sheriff of Pima County. It did not provide a time within which the warrant was to be served, and Baum was not arrested upon the warrant until February, 1977. The governor's warrant was claimed to be defective in that Baum was accused of a probation violation

rather than commission of a crime in another state, and the warrant did not "provide a time span as required in A.R.S. § 13–1317" within which it was to be served.

A copy of the governor's warrant on extradition and a copy of a document executed by the governor of the State of Colorado authorizing designated agents to receive Baum and convey him to Colorado were admitted into evidence at the hearing on the habeas corpus petition.

The respondent court ordered that Baum "be released on bond pursuant to [A.R.S.] Section 13–1316 in the sum of $900.00 conditioned upon his appearance" five days later. The court expressly found that the governor's warrant issued on March 29, 1976, was defective "in that it did not specify the time within which the warrant was to be served and further that [Baum] was not in the custody of the Sheriff at the time said warrant was issued." Since we are of the opinion (1) that the respondent court lacked jurisdiction to release Baum on bail, and (2) that the governor's warrant was not defective, we assume jurisdiction to grant relief.

■ This court had held that after a warrant for arrest is issued by the governor of this state, there is no right to bail. *State v. Jacobson*, 22 Ariz.App. 260, 526 P.2d 784 (1974). In so holding we construed A.R.S. §§ 13–1315 to 13–1317. A.R.S. § 13–1317 provides:

> "If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant, bond, or undertaking, the judge or magistrate may discharge him or may recommit him to a further day, or may again take bail for his appearance and surrender as provided in § 13–1306; . . . ."

■ The construction placed on this statute by the respondent court was erroneous. The statutory reference to "time specified in the warrant, bond, or undertaking," refers to a warrant for arrest issued upon a fugitive complaint prior to issuance of the governor's warrant on a request from the

demanding state. Furthermore, whether or not Baum was in the custody of the sheriff of Pima County at the time the governor's warrant was issued does not affect its validity. The criminal extradition statutes, A.R.S. § 13–1301, et seq., contain no such requirement.

■ One further comment is appropriate. As noted above, Baum attacked the validity of the governor's warrant in that it alleged a probation violation and therefore did not charge an offense.[1] This contention has been decided adversely to Baum by Division I of this court in *State of Ariz. ex rel. Babbitt v. Kinman*, 27 Ariz.App. 66, 550 P.2d 1108 (1976).

The order of the respondent court releasing Baum on bail is hereby vacated with directions to enter an appropriate order in conformity herewith.

HOWARD, C. J., and HATHAWAY, J., concurring.

---

1. The governor's warrant in fact referred to supporting papers "charging defendant with Unlawful Possession of Narcotic Drug and thereafter violated terms of probation" and stated that the "offense above described" was a felony under the laws of Colorado.