322

630 P.2d 1054

Joseph William MATHIEU,
Petitioner/Appellant,

v.

Clarence W. DUPNIK, Sheriff, Pima
County, Arizona,

and

The State of Arizona, Real Party in
Interest, Respondents/Appellees.

No. 2 CA–CIV 3879.

Court of Appeals of Arizona,
Division 2.

May 29, 1981.

Rehearing Denied June 17, 1981.

Review Denied July 7, 1981.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for petitioner/appellant.

Stephen D. Neely, Pima County Atty. by Sydney K. Davis, D. Jesse Smith and Michael R. McVey, certified law student under Rule 28(e), Tucson, for respondents/appellees.

OPINION

HOWARD, Judge.

Is a person a fugitive within the meaning of our Extradition Act, A.R.S. Sec. 13–3841 et seq., if he has violated his probation in the demanding state? We hold that he is and affirm.

This is an appeal from the denial of a writ of habeas corpus. The extradition papers from Texas allege, inter alia, that appellant had been convicted in Texas of burglary that his sentence was suspended, that he was placed on probation and that he had violated the conditions of his probation by failing to report to his probation officer and by failing to remain in Dallas County. Appellant contends that the trial court erred in failing to grant habeas corpus relief because the extradition papers failed to comply with A.R.S. Sec. 13–3845 which provides:

"A warrant of extradition shall not be issued unless the documents presented by the executive authority making the demand show that:

1. Except in cases arising under Sec. 13–3846, the accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state;

2. The accused is now in this state, and

3. Is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or *broken his parole.*" (Emphasis supplied)

Arizona's version of the Uniform Extradition Act differs from Sec. 3 of the uniform act which provides that the demand must contain a statement by the executive authority of the demanding state that the person claimed has escaped from confine-

ment or has "... broken the terms of his bail, probation or parole ...." Seven other states have language which omits the term "probation"; Alabama Code Sec. 15–9–33; Arkansas Code Sec. 43–3005 (III); Idaho Code Sec. 19–4505; Indiana Code Sec. 35–2.1–2–3(5)(c); Mississippi Code Sec. 99–21–1; Tennessee Code Sec. 40–1012; Wyoming Code Sec. 7–3–205.

In the Idaho case of *Richardson v. State*, 90 Idaho 566, 414 P.2d 871 (1966), the court, without discussion, equated "parole" with the term "probation" in a case involving a probation violation. In *State of Arizona ex rel. Babbitt v. Kinman*, 27 Ariz.App. 66, 550 P.2d 1108 (1976), Division One held, without discussion, that the offense stated in the document which showed a probation violation charged an extraditable offense. In *State v. Truman*, 115 Ariz. 145, 564 P.2d 96 (App. 1977), we relied on the Division One case for the proposition that a probation violation is an extraditable offense under the Extradition Act. We adhere to our previous decision.

We agree with the Colorado Supreme Court when it stated in the case of *Gottfried v. Cronin*, 192 Colo. 25, 555 P.2d 969 (1976):

"... the extradition law is designed to prevent the successful escape of all persons accused of crime, whether convicted or not, and to secure their return to the state from which they fled for their due punishment. (citations omitted) Consequently, we have held that the extradition statutes should not be so narrowly construed as to enable offenders against the laws of a state to find permanent asylum in another state. (citations omitted)

In light of section 16–19–103 and the Act's purposes, we believe that section 16–19–104 does not limit the extradition of an individual convicted of a crime to instances where he has 'escaped from confinement or has broken the terms of his bail, probation, or parole.' Such language was only meant to be illustrative, but not exhaustive, of the occasions when a convicted person can be considered to

have fled from the justice of another state. (citations omitted) Where, as here, the requisition papers show that the person has been charged and convicted in the demanding state, and that he has not completed his sentence, that person can be extradited to the demanding state under the Uniform Criminal Extradition Act." 555 P.2d at 972.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.