951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Edward CAMPBELL, Jr., Petitioner-Appellant,
v.
Alfred GRIJALVA, Warden, et al., Respondents-Appellees.
 No. 90-15418.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph E. Campbell, Jr., appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In 1986, Campbell was convicted of two counts of sexual assault, one count of sexual abuse, one count of kidnapping, one count of aggravated assault, one count of armed burglary, and one count of theft. Campbell appealed his conviction to the Arizona Court of Appeals. Campbell subsequently obtained a stay of his direct appeal and filed in the trial court a petition for post-conviction relief under Ariz.R.Crim.P. 32, in which he claimed that he had received ineffective assistance of counsel at trial. The trial court denied the Rule 32 petition; Campbell did not seek appellate review of the decision. Campbell then filed his brief on direct appeal and raised three issues: (1) the victim's in-court identification of him was irreparably tainted; (2) the trial court erred by failing to give his requested jury instruction on identification; and (3) the trial court erred by instructing the jury before the closing arguments of counsel. On December 31, 1987, the Arizona Court of Appeals affirmed Campbell's conviction and sentence. Campbell did not file a petition for review by the Arizona Supreme Court. Instead, on December 3, 1987, while his direct appeal was pending before the Arizona Court of Appeals, Campbell filed a petition for writ of habeas corpus in the Arizona Supreme Court in which he raised twenty-seven issues. On January 11, 1988, the Supreme Court dismissed the petition. On June 24, 1988, Campbell filed his federal habeas petition and raised the same twenty-seven issues. The district court granted the respondents' motion to dismiss for failure to exhaust state remedies.
 
 
 4
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b) & (c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). Moreover, exhaustion requires that the petitioner's claims be fairly presented to provide the highest state court with an opportunity to rule on the merits of the federal claims. See McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). Therefore, the exhaustion requirement is not satisfied if federal claims are presented to the highest state court for the first time in a procedural context in which the merits will be considered only if there are "special and important reasons." Castille v. Peoples, 109 S.Ct. 1056, 1060 (1989). If state remedies have not been exhausted as to all claims raised in the federal habeas petition, the district court must dismiss the entire petition without prejudice. Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 5
 Here, the district court correctly dismissed Campbell's habeas petition because it contains unexhausted claims. See id. Most of the issues Campbell raised in his federal habeas petition were presented to the Arizona Supreme Court only in his petition for writ of habeas corpus. Under Arizona rules of procedure, however, Campbell was required to present his claims in a petition for review by the Arizona Supreme Court either on direct appeal or in a petition for post-conviction relief before he could file a federal habeas petition raising these claims. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief).[1] Campbell's attempt to present his claims to the Arizona Supreme Court in his petition for writ of habeas corpus was not a procedurally adequate substitute for raising them on direct appeal or in a petition for post-conviction relief. See Castille, 109 S.Ct. at 1060; State v. Montez, 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967) (in Arizona habeas corpus "may not be used to collaterally attack a judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court"); Applications of Oppenheimer, 95 Ariz. 292, 297, 389 P.2d 696, 700 ("in Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction"), cert. denied, 377 U.S. 948 (1964). Campbell must present his claims to the Arizona courts in a petition for post-conviction relief under Ariz.R.Crim.P. 32 before a federal court may consider a section 2254 habeas petition. See Duckworth, 454 U.S. at 3.
 
 
 6
 Accordingly, the district court properly dismissed his habeas petition without prejudice for failure to exhaust state remedies. See Rose, 455 U.S. at 510.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Arizona Supreme Court's decision whether to grant a petition for review is discretionary, in order to exhaust state remedies, a state prisoner must seek such review before bringing a federal habeas petition. Jennison v. Goldsmith, 940 F.2d 1308, 1310 (9th Cir.1991)
 
 
 [2]
 On appeal, the state argues that Campbell has procedurally defaulted on his claims because (1) he failed to file a petition for review by the Arizona Supreme Court on direct appeal; (2) he did not seek appellate review of the trial court's denial of his first Rule 32 petition; and (3) he failed to present many of his twenty-seven claims either on direct appeal or in his Rule 32 petition. In the district court, the state argued that Campbell's petition should be dismissed for failure to exhaust state remedies. The state cannot raise procedural default for the first time on appeal. See Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983)
 
 
 [3]
 Campbell's motion to file a late reply brief is granted