NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

THOMAS FORREST BOLTON,
*Appellant*,

*v.*

STATE OF ARIZONA,
*Appellee*.

No. 1 CA-HC 19-0007

FILED 1-14-2021

---

Appeal from the Superior Court in Yavapai County
No.  P1300CV201900891
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

---

COUNSEL

Thomas Forrest Bolton, Kingman
*Appellant*

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

**¶1**        Thomas Bolton appeals from the superior court's order denying his petition for writ of habeas corpus, claiming he is being held in violation of his due process rights. Because he has shown no error, the order is affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In 2015, a jury convicted Bolton of sexual assault and kidnapping, both Class 2 felonies. Bolton was sentenced to concurrent prison terms, the longest of which was for 14 years. In 2016, his convictions and sentences were affirmed on direct appeal. In 2018, Bolton petitioned for post-conviction relief, claiming that the superior court lacked jurisdiction and imposed an unlawful sentence, and that the State knowingly mishandled critical evidence and presented perjured testimony. The court found the petition lacked merit and denied the relief requested. In 2019, Bolton filed a petition for review of the denial of the post-conviction relief; this court granted review but denied relief.

**¶3**        Later in 2019, Bolton filed this petition for habeas corpus relief, which reiterates the claims he made in his petition for post-conviction relief. The superior court summarily dismissed his habeas corpus petition. This court has jurisdiction over Bolton's timely appeal pursuant to Ariz. Rev. Stat. (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(11)(a) (2020).[1]

### DISCUSSION

**¶4**        A ruling on a petition for habeas corpus relief is reviewed for an abuse of discretion. *State v. Cowles*, 207 Ariz. 8, 9 ¶ 3 (App. 2004). Bolton has the burden to show the superior court abused its discretion. *See Brown v. State*, 117 Ariz. 476, 477 (1978).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶5        Bolton's petition is a collateral attack on his convictions and sentences that parrots his unsuccessful arguments for post-conviction relief. *See Oswald v. Martin*, 70 Ariz. 392, 397 (1950). Bolton is thus precluded from further attacking those rulings "in subsequent petitions for writ of habeas corpus." *Griswold v. Gomes*, 111 Ariz. 59, 62 (1974). Accordingly, Bolton's petition fails.

¶6        Even if not precluded, Bolton's petition does not raise a colorable claim for relief under Arizona's habeas corpus statutory scheme, as the superior court correctly noted, and thus was properly denied on the merits. *See* A.R.S. § 13–4121 *et seq.* For similar reasons, even treating his petition as seeking post-conviction relief under Arizona Rule of Criminal Procedure 32, Bolton has not shown a basis for relief.

¶7        Apart from these defects, traditionally in Arizona, "the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction." *In re Oppenheimer*, 95 Ariz. 292, 297 (1964). Facts that go to a defendant's guilt or innocence are generally not relevant to a petition for habeas corpus. *Powell v. State*, 19 Ariz. App. 377, 379 (1973). Nor are due process claims unless they "deprive a court of jurisdiction." *Oppenheimer*, 95 Ariz. at 297.

¶8        Bolton's petition has shown no basis for relief based on jurisdictional issues. Bolton's petition recognizes that "an interim complaint" specified probable cause for his arrest, that the State later "filed a formal complaint," and that "[t]he indictment returned by the Grand Jury charged the two previously mentioned charges," at which point "proceedings continued in the Superior Court until final disposition of the case." These allegations fail to make a "prima facie case of false or unlawful imprisonment." *State ex rel. Patterson v. Superior Court*, 26 Ariz. 584 (1924).

¶9        For these reasons, the superior court's ruling is affirmed.

